## C. L. McGEE v. E. B. FITZER.

1. To secure payment for supplies advanced and to be advanced for the making of his crop, a tenant executed to plaintiff an instrument giving to him "a special lien and mortgage" on the cotton and corn to be raised by the tenant that year. The instrument further declared that the cotton and corn "were specially bound" to the plaintiff for the payment. *Held*, that though the instrument is not in the ordinary form of mortgages, yet it is substantially a mortgage on the crop, and the court below erred in charging the jury that it was not a mortgage nor a lien.

2. A cropper who was cultivating a farm under a contract, whereby he was to receive one-half of the crop grown thereon, after deducting from that half the value of all advances made by the owner of the land in furtherance of its cultivation, executed to a third party a mortgage upon the entire crop to be grown upon the farm that year. *Held*, that the mortgage created a lien in favor of the mortgagee, only upon that portion of the crop that remained to the mortgagor, after deducting one-

half for the owner of the farm, and also sufficient to repay the advances made by the owner.

3. When a mortgagee of growing crops had notice, at the time of receiving his mortgage, that the owner of the land had been making advances to the mortgagor under a contract that he should have a lien on the crop to secure the payment of those advances, his lien under the mortgage will be subject to the claims of the party making the advances under the previous contract; and it makes no difference that the contract was not recorded, as the only object of registration is to give notice of the existence and contents of the instrument so recorded.

APPEAL from McLennan. Tried below before the Hon. J. W. Oliver.

There is no occasion for a statement of the facts.

No briefs for either side have reached the hands of the reporter.

OGDEN, J. We are of the opinion that the charge of the court, instructing the jury that the instrument claimed by appellant to be a mortgage, "is not, nor was it a lien on the cot-"ton," is erroneous. It is true, that the mortgage is not in full compliance with the statute, but it substantially follows the statute in most of its material requisitions, and at least it may be held to be a good common law mortgage. It was a mortgage, subject, however, to the prior lien of the appellant; for St. Clair, the appellant's own witness, proves that at the time of the execution of the mortgage to him, he notified McGee of the contract of rent with Fitzer, that he was making advances to him under a contract that he should have a lien on his (St. Clair's) share of the crop, for those advances; and it was therefore immaterial, so far as appellant was concerned, whether Fitzer's contract was recorded or not, as the only object of registration is to give notice of the existence and terms of the instrument so recorded.

But St. Clair could not execute a mortgage which would operate as a lien upon property he did not own, and therefore no lien in favor of McGee attached to that portion of the crop

which belonged to Fitzer. The land, and the teams and tools used in cultivating the same, belonged to Fitzer, as well as the feed for the teams; and in consideration that St. Clair should use the team and tools, and cultivate the land, Fitzer agreed to give him one-half of the crop raised, after deducting from that half the value of the advances made in furtherance of the cultivation of the land; and it was only that portion of one-half of the crop which would remain after paying for those advances made by the owner of the land, that ever belonged to St. Clair, or upon which he could give a mortgage lien to third parties.

Our statute, referred to by counsel, has a more especial reference to crops raised on land owned by the mortgagee, or rented or leased by the year for a specific price, than to crops raised on land which remains in possession of the owner, and the laborer gets a certain proportion for his work in cultivating the same. By the contract of rent with St. Clair, Fitzer owned one-half of the crops raised, and a sufficient amount out of the other half to pay for all advances made during the cultivation, and McGee's mortgage attached to the balance, if any remained; or rather, McGee's mortgage attached to the whole crop, subject to the claim of Fitzer under the contract for rent. According to the testimony, the cotton was divided at the gin, one-half being set apart to Fitzer, which was not subject to the mortgage of McGee, the other half was set apart to St. Clair, and that was liable for the satisfaction, first, of the claim of Fitzer for advances, and then for the satisfaction of the mortgage of McGee. There is no evidence in the record going to show whether or not St. Clair's half of the crop more than paid for the advances by Fitzer, and for that reason, in connection with the erroneous charge of the court, this cause must be sent back for a new trial. But the evidence shows that two bales of Fitzer's cotton had been wrongfully levied on, by virtue of the writ of sequestration, to satisfy the demand of appellant, and the judgment in so far should have been in favor of appellee.

For the reasons given, the judgment is reversed and the cause remanded.

Reversed and remanded.