W. B. COOK *v.* STEEL, FURRH & CO.

1. PARTIES—APPEAL.—A claimant of property sought to be sold under a mortgage cannot complain, on appeal, of error committed not affecting his rights.
2. DEFAULT—APPLICATION TO SET ASIDE.—Such application must show facts by which it appears that defendant has a meritorious defense. It is not sufficient to state that he believes he has a just and lawful defense.
3. GROWING CROPS MAY BE MORTGAGED.—Cotton planted is subject to mortgage regardless of its growth towards maturity.

ERROR from Harrison. Tried below before the Hon. M. D. Ector.

Steel, Furrh & Co. brought suit against G. W. Carmichael and W. B. Cook, alleging that on April 19, 1873, Carmichael executed to plaintiffs—to secure them in a note for $37.50 due them by him, and " for any and all advances which might be made to said Carmichael by the said firm, and for all supplies advanced and furnished him during the year 1873—a mortgage upon all the cotton which said Carmichael should raise upon the plantation specified in the mortgage; that the mortgage was recorded in Panola county on June 2, 1873; that the aggregate of

the indebtedness from defendant, including the note and sundry items furnished at his instance, (bill of particulars being set out,) was $215.48; that five bales of cotton were raised on the plantation, all of which were subject to the mortgage, (charged with the rent;) that two bales were seized by distress warrant to secure the rent, leaving three bales; that defendant, Cook, had caused the said three bales to be seized and sold under an execution in his favor on December 26, 1873, at which sale Cook became the purchaser, well knowing the rights of plaintiffs in said bales; that under such pretended sale Cook took and appropriated the three bales, worth one hundred and fifty dollars.

Attached to the petition was a bill of items, with prices, &c.; also copy of the mortgage conveying to Steel, Furrh & Co. "all the cotton that I shall raise or grow, or have raised or grown, during the year 1873, on the following-described lands," * * * * "there being about twenty-five acres of land now planted in cotton on said place," * * * authorizing the grantees "to take possession of said cotton and sell the same, at any time after the same can be gotten ready for market, for cash," &c.

The mortgage was acknowledged for record, the notary taking the acknowledgment certifying that the said George W. Carmichael, "being duly sworn, deposes and says that he signed, sealed, and delivered the said mortgage for the purpose therein contained." In other respects the certificate was regular.

The cotton was seized under a writ of sequestration, and was replevied by Cook.

Carmichael accepted service, and "says nothing why plaintiff should not recover in said cause." Cook was served with citation.

Judgment by default was rendered, reciting "that the cause of action is liquidated and proven by an instrument of writing, and by the written acceptance of service and acknowledgment of the said G. W. Carmichael," and dam-

ages assessed without a jury, judgment being rendered for $260.85 and costs against Carmichael, and ordering the sale of the three bales of cotton, and judgment against Cook and his sureties on replevin bond for $132, the appraised value of the cotton, on his failure to deliver the cotton to the sheriff, and for costs in the sequestration proceedings.

Cook filed a motion to set aside the judgment for various reasons: ignorance of the effect of an act of the Legislature authorizing a special term of the court at which the trial was had; that he believes he has a good and lawful defense against said action; "that he became the purchaser of the cotton sued for at constable's sale under a valid, subsisting, unpaid judgment against Carmichael, in good faith, for a valuable consideration paid by him therefor;" questioning the operation of the mortgage as against the cotton not grown at date of its execution. Cook also moved in arrest of judgment, alleging the insufficiency of the mortgage declared on to bind the cotton, and that the final judgment could not be assessed without the intervention of a jury.

The motions to set aside the judgment by default, and in arrest of judgment, were overruled.

Cook prosecuted his writ of error, assigning errors: 1. Error in rendition of judgment final without the intervention of a jury; 2. Overruling his motion to set aside the judgment; 3. Overruling the motion in arrest of judgment, and 4. Other errors apparent on the record.

*R. S. Hightower*, for plaintiff in error.

*W. H. Pope* and *H. McKay*, for defendant in error.

Reeves, Associate Justice.—It is shown that defendant Carmichael accepted service, and admitted, as appears from his written acknowledgment waiving service of the petition, that he had nothing to say why the plaintiffs should

not recover. The same fact is recited in the judgment against him, and 'from this judgment he does not appeal, and his co-defendant and the appellant cannot be heard to complain, because the damages were assessed by the clerk without a jury, or to assign errors for him. The judgment ascertained the amount due from Carmichael to appellees, and the foreclosing of the mortgage, to the extent of the value of the cotton, for one hundred and thirty-three dollars; ascertained the extent of defendant Cook's obligation under his replevy bond; and this disposes of the first assignment of errors. (Hendrick *v.* Cannon, 5 Tex., 248; Herndon *v.* Bremond, 17 Tex., 432.)

The second assignment is that the court erred in overruling the motion to set aside the judgment by default against appellant.

It is not sufficient to state, on an application to set aside a judgment, that the party applying for it believes that he has a good and lawful defense to the action. But the facts must be stated showing a meritorious defense. The facts from which it would appear that appellant, by his purchase, became the legal and equitable owner of the cotton, are not disclosed in his application, nor does he state the facts upon which he relies to establish the invalidity of the mortgage. It is alleged that appellant purchased the cotton at a constable's sale under a valid judgment against Carmichael, in good faith and for a valuable consideration, without stating that he purchased without notice, as charged in the petition, as should have been done if warranted by the facts.

We think the application was insufficient. (Foster *v.* Martin, 20 Tex., 118.)

This motion was filed in connection with the motion in arrest of the judgment, which was also overruled by the court, and assigned as the fourth error.

It is contended for appellant, in support of the motion in arrest of judgment, that the plaintiffs must have averred

and proved a good demand against Carmichael before they could recover against defendant Cook, and that the mortgage is not sufficient for that purpose, because the account on which plaintiffs sue was not a valid, subsisting demand at the time the mortgage was given to secure its payment. It is not denied that the note for $37.50 was such a demand, and the objection is made only to the account as not subsisting at the date of the mortgage, and because the cotton crop, the subject of the mortgage, was not then in existence. In support of these objections, it is insisted that the act of 1866, to give a lien on the crop for advances, &c., (Pas. Dig., art. 7110,) was intended to provide for a debt created at the date of the mortgage, and that this act contained other provisions not found in the mortgage. The mortgage does not contain all the requisites required by the act. It is not declared in the terms of the statute that the advancements were obtained by defendant Carmichael, in good faith, for the purpose of making a crop, and that without such advances he would not be able to do so. It appears from the account, filed as part of the petition, that it was in part contracted before the giving of the mortgage, and that a portion of the articles were purchased and furnished before, and others after that time. The mortgage is dated April 19, 1873, and was filed for record on the 2d of June thereafter. Conceding that the mortgage does not contain all the provisions of the statute, it is believed to be a valid common-law mortgage, and, as such, appellant has failed to show any equity against it. The mortgage was acknowledged for record, and the officer certifies with unusual solemnity that Carmichael, the maker, was duly sworn for that purpose, and the clerk certifies that it was recorded in his office on the 28th of June, 1873. It is not shown by the motion when appellant purchased the cotton, and so far as his silence may be aided by the allegations of the plaintiffs' petition, it can only be known that the sale was on the 26th day of December, 1873, under an execu-

tion which appellant caused to be issued on a judgment which he had against Carmichael, and that the execution was, at his request, levied on the cotton in controversy. The extent of the incumbrance on the cotton is fixed by the mortgage, and could have been readily ascertained from the record, if there had been no actual notice, and the value of the cotton, as shown by the judgment, is less than the sum secured to be paid by the mortgage. The provisions of the statute, which are omitted to be stated in the mortgage, are not set up as a cause of action, nor is it questioned by the motion, or otherwise denied, that the supplies were obtained in good faith. The sale under which appellant claims seems to have been made long after the execution and registration of the mortgage; at least it is not contended that it was antecedent to the mortgage, and if appellant had any intervening equities, they should have been disclosed, with the facts on which he intended to rely, and not merely that he believes that he has a good and lawful defense against the action. The mortgage is believed to be valid without dependence on the statute. (4 Kent's Comm., 200, 201.)

At common law, growing crops raised by annual labor are personal property, and subject to the incidents belonging to that kind of property, such as sale, execution, &c., and it has been held that such sales were not within the statute of frauds, requiring agreements for the sale of land to be in writing. Some nice distinctions have been made between the natural products of the earth, as growing trees, fruit, grass, &c., and products by planting and culture, and which grow yearly and are raised by annual labor and expense, called emblements. It is not necessary in this case to examine these distinctions, nor give them a general application, and none is intended. It is sufficient for this case to say that the cotton had been planted before the date of the contract, as shown by the recital in the mortgage, and its growth towards maturity at the time of

the contract could not be a material, inquiry as affecting the right to dispose of it by the mortgage. (McGee *v.* Fitzer, 37 Tex., 27; Green *v.* Armstrong, 1 Denio, 550; Bricker *v.* Hughes, 4 Ind. 146; Austin *v.* Sawyer, 9 Cow. 39; Marshall *v.* Ferguson, 23 Cal., 66; Backenstoss *v.* Stahler's Administrator, 33 Penn. St., 251.)

Finding no error in the judgment of which appellant can complain, it is affirmed.

AFFIRMED.