### GEORGE SILBERBERG ET AL. V. N. D. TRILLING.

#### No. 3033.

**1. Pleading—New Cause of Action.** — Suit was brought in Justice Court to foreclose a mortgage upon cotton raised by mortgagor. Before the suit judgment creditors had caused the cotton to be seized under execution. In the suit the parties who had caused the levy were made parties. They were alleged to have converted the cotton to their own use. Judgment having been rendered for the plaintiff, the case was appealed and was transferred to the District Court. In the District Court plaintiff amended, stating the facts of the levy and sale, and that since the institution of the suit the plaintiffs in the execution had bought the cotton at sheriff sale. *Held,* the amendment did not show a new cause of action.

**2. Practice in Justice Court.**—While written pleadings are not required in the Justice Courts, yet where a defendant files his defenses in writing and the entries in the docket of the justice do not show the defense, the answer on file will be looked to for the purpose of ascertaining such defense. The answer not showing a prayer that the securities held by plaintiff should be marshaled, the failure to do so will not be considered on appeal.

**3. Crops Growing Upon Homestead May be Mortgaged.** — Crops growing upon the homestead may be mortgaged; limited, however, by the inability of the mortgagee to enter upon the premises for the purpose of seizure until they are gathered and prepared for market.

APPEAL from Red River. Tried below before Hon. E. D. Mc-CLELLAN.

The opinion states the case.

*George F. Burdett,* for appellants.— 1. At the institution of this suit the property levied upon had not been sold, and defendants (appellants) were not purchasers thereof, and were not proper parties to this suit. The mortgagee (appellee) not being in possession of the property at the time of levy, had no cause of action against appellants, who were judgment creditors of Haley, and had the right to levy upon and sell the property. Appellee's remedy was to foreclose his mortgage liens and make the purchaser or purchasers at execution sale a party de-

fendant. Wright v. Henderson, 12 Texas, 43; Gilliam v. Henderson, 12 Texas, 47.

2. If the corn and cotton at the date of said mortgages were a part and parcel of the homestead of James M. Haley, then the mortgages were a nullity, and the court should have so stated it in its findings, and should have given judgment for appellants herein. Const., art. 16, sec. 56; Coates v. Caldwell, 71 Texas, 20.

3. If appellee's mortgages were a prior lien upon his (Haley's) property, then appellants' execution was levied subject to said mortgages, and appellee could not create, by contract or otherwise, a debt against Haley which would take precedence of the lien created by the levy of appellants' execution. Appellants' execution became a lien when it was levied upon the five and a half bales of cotton, and had priority of all subsequent mortgages, liens, etc., given by Haley thereon. McMahan v. Hall, 36 Texas, 59; Mercein v. Burton, 17 Texas, 206; Freem. on Ex., sec. 201.

*Chambers & Doak*, for appellee.—1. The court did not err in not dismissing this case, as the suit was properly instituted to foreclose a mortgage lien on the property then in the hands of appellants, and the proper parties were before the court. Hall v. Hall, 11 Texas, 527; Pittman v. Henry, 50 Texas, 357; Hillebrand v. McMahan, 59 Texas, 450; Wright v. Henderson, 12 Texas, 43; Raysor v. Reed, 55 Texas, 269; Gilliam v. Henderson, 12 Texas, 47.

2. The court did not err in not marshaling assets; this was never asked, and the court could not have done so even if the appellants had attempted to have had it done, the personal property embraced in the mortgage being exempt from execution.

3. The court did not err in holding that the cotton levied upon was subject to the mortgages. After it had been gathered and segregated from the realty it became personal property and fell into the lap of the mortgages, which were prior liens to the execution levy. Cook v. Steel, 42 Texas, 53; Kimball v. Sattley, 55 Vt., 285; Cotton v. Willoughby, 83 N. C., 75; Claflin v. Carpenter, 38 Am. Dec., 381; Boykin v. Rosenfield, 69 Texas, 115; Jones on Chat. Mort., sec. 69.

GARRETT, PRESIDING JUDGE, *Section B.*—This suit originated in the Justice Court. It was for debt and to foreclose a mortgage on cotton, and was brought by the appellee N. D. Trilling against one J. M. Haley, the debtor and mortgagor, and appellants and others were made parties defendant, charged with a conversion of the mortgaged property. Trial was had in the Justice Court and judgment was rendered in favor of Trilling against Haley for his debt, and the mortgage was foreclosed as to Haley and the appellants; the other defendants, having disclaimed, were discharged. Judgment went also against ap-

pellants for the value of the cotton, which was less than the debt, with privilege to return it in ten days.

Appellants appealed the case to the County Court, from which it was transferred to the District Court on account of the disqualification of the county judge, and it was there tried December 20, 1889, before the court without a jury, and judgment was rendered in favor of Trilling against defendants George Silberberg, L. Silberberg, and I. Silberberg for the sum of $216.65, from which they have appealed to the Supreme Court.   It seems that the defendant Haley's name was not included in the appeal bond taking the case from the Justice to the County Court, and that the case was tried in the District Court only upon the issues between plaintiff and the Silberbergs; but no question is made of this.

Appellants, composing the firm of George Silberberg & Bros., had caused an execution to be levied upon the cotton by virtue of a judgment they had against Haley.   The execution was levied before Trilling brought his suit, which was filed November 5, 1888, and the cotton was in the custody of the sheriff at the time; but before the trial the sheriff sold the cotton, and it was bought by the appellants.   Trilling had two mortgages.   The first, dated May 26, 1888, was given upon all of defendant Haley's corn and cotton to be raised on his farm in Red River County, Texas, in 1888, and a two-horse wagon and some seven head of cattle.   The second mortgage was dated September 10, 1888, and was upon Haley's entire interest in all cotton and corn growing and to be grown the year 1888 on his place in Red River County, Texas, four miles east of Albion postoffice, known as the old Burns Bend place, and secured a further indebtedness.

Trilling's original statement or account filed in the Justice Court alleged that the defendants Silberbergs, Burdett, and Dodd had converted the cotton to their own use.   In the District Court he filed an amended statement showing the facts of the levy and sale, and that since the institution of his suit the Silberbergs had bought the cotton at the sheriff's sale and had appropriated it to their own use.

Appellants contend that the amendment filed by the plaintiff set up a new cause of action.   It was only a more particular statement of his cause of action against the defendants, with the additional statement of facts that had transpired since the institution of the suit in the Justice Court.   It set up no new cause of action.   Appellants were proper parties to the suit in the first place, because, although the property was in custodia legis at the time of the institution of the suit, it was nevertheless held subject to the lien of their execution, and they were claiming an interest in the property.

It is assigned as error that the court failed to marshal the assets and require the other property subject to Trilling's lien to be sold first. Although not required to do so, appellants answered in the Justice Court in writing and set up their defenses.   There were no defenses

entered on the justice's docket, and we can only look to their written pleading. No such relief was asked in the court below, the refusal of which is now assigned as error, and the question seems now to have been presented for the first time on appeal, and will not be considered. Although the pleadings in the Justice Court, with some exceptions, are oral, still a statement of the defendant's defenses are required to be entered upon the docket, and it must be made to appear on the appeal to the Supreme Court that the judgment of the court below was wrong. We may presume, in favor of the judgment of the court below, that there was some reason for the defendants not seeking to have the property not subject to the lien of their execution sold first. Maass v. Solinsky, 67 Texas, 290.

Appellants question the validity of the mortgage in favor of the appellee Trilling on the crop of Haley, because it was grown upon Haley's homestead. It is well settled that growing crops are subject to mortgage as personal property. Cook v. Steel, 42 Texas, 53; McGee v. Fitzer, 37 Texas, 27; Willis v. Moore, 59 Texas, 628. "Crops, whether growing or standing in the field ready to be harvested, are, when produced by annual cultivation, no part of the realty. They are therefore liable to voluntary transfer as chattels. It is equally well settled that they may be seized and sold under execution." Willis v. Moore, supra. Though in this State they may not be seized and sold if grown upon the homestead until after they have been gathered. Coates v. Caldwell, 71 Texas, 20. The reason of this is, that if sold while standing in the field, to permit the purchaser ingress and egress to gather them would be an interference with the enjoyment of the homestead. But the cotton involved in this suit had been gathered and prepared for market. There is no restriction placed by law on the voluntary incumbrance of exempt personal property by the owner; and as the crops grown upon the homestead are personal property, they may be mortgaged by the owner of the crops, although he may be the owner of the land upon which they are grown, and be at the same time in occupation and use of it as a homestead. Plaintiff had a valid mortgage on the crops, only he could not take possession of the homestead to enforce it, and the levy of appellants' execution upon the cotton in controversy and the sale thereof was subject to the plaintiff's prior mortgage.

We find no error in the judgment of the court below, and are of the opinion that it should be affirmed.

*Affirmed.*