HEIDENHEIMER, STRASSBURGER & CO. v. HOUSTON & T. C. R. CO. (No. 5790.)

(Court of Civil Appeals of Texas. Austin. June 14, 1917. On Motion for Rehearing, Oct. 19, 1917.)

1. APPEAL AND ERROR ⏎500(2)—EXCEPTION BELOW—OVERRULING OF DEMURRER.

An assignment of error complaining of the overruling of a general demurrer to plaintiff's petition could not be considered on appeal, where the record did not show that any demur-

rer was called to the attention of, or ruled on by, the trial court.

2. APPEAL AND ERROR ⊚⟶263(3)—EXCEPTION BELOW—REFUSAL OF INSTRUCTIONS.

Under Rev. St. art. 2061, as amended in 1913 (Acts 33d Leg. c. 59), providing that the refusal of instructions shall be regarded as approved unless duly excepted to, the refusal of a requested instruction could not be considered on appeal, where it did not appear that any exception had been reserved to such ruling.

3. APPEAL AND ERROR ⊚⟶499(4) — INSTRUCTIONS—WAIVER OF OBJECTIONS.

Under Rev. St. art. 1971, as amended by the act of 1913, providing that all objections not made to instructions within a reasonable time after they are submitted to counsel and all objections not presented to the court before the charge is read shall be deemed waived, objections to the court's charge will be regarded as waived where the record does not show that they were called to the attention of the trial court, though the errors complained of are fundamental.

On Motion for Rehearing.

4. JUSTICES OF THE PEACE ⊚⟶183(1)—APPEAL —PLEADING—SUFFICIENCY.

In view of Vernon's Sayles' Ann. Civ. St. 1914, art. 2326, authorizing oral pleading in justice's court, where plaintiff filed written petitions, both in the justice and in the county court, and the record failed to show that they were not supplemented by oral amendment, curing alleged fatal defects, the petitions will be held sufficient.

Appeal from Travis County Court; Wm. Von Rosenberg, Jr., Judge.

Action by the Houston & Texas Central Railroad Company against Heidenheimer, Strassburger & Co. From judgment for plaintiff, defendants appeal. Affirmed.

A. T. McKean, of Austin, for appellants. Baker, Botts, Parker & Garwood, of Houston, and Garrett & Garrett, of Austin, for appellee.

KEY, C. J. The nature and result of this suit is stated as follows in appellants' brief:

"This suit originally brought on the 10th day of August, 1915, by the appellee, the Houston & Texas Central Railroad Company, against the appellants, Heidenheimer, Strassburger & Co., in justice court of Travis county, was for $163.85, being the amount alleged to be due as freight charges on certain shipments. The case first tried before the justice of the peace resulted in a verdict for the defendants, Heidenheimer, Strassburger & Co. The plaintiff appealed to the county court, and case was duly tried de novo in said court May 18, 1916, resulting in a verdict for plaintiff. The plaintiff, the Houston & Texas Central Railroad Company, alleged in its original petition and its amended original petition that the defendant firm, composed of I. Heidenheimer, Jr., and L. Strassburger, both of Travis county, had ordered and had consigned to them to Giddings, Tex., a carload of oranges f. o. b. Wauchula, Fla., the point of origin, from the firm of Alexander & Baird, of Wauchula. That said carload of oranges was moved to Giddings without delay or rough handling and placed at the disposal of the defendants. That the freight charges on said shipment amounted to $279.60. That defendant firm permitted car to remain on hands of plaintiff beyond time allowed, and that demurrage charges to the amount of $17 accrued. That defendant firm refused to accept said shipment and to pay said freight charges,

or any part of same. That upon due notice said shipment was sold for $135, leaving a balance of $163.85, which defendants refuse to pay.

"The defendants answered by general and special demurrers, and by general and special denial. Defendants further plead that at no time did they, nor any agent acting in their behalf, enter into any shipping contract with the plaintiff company nor any railroad company forwarding to it. That said carload was shipped under a shipping contract entered into by the consignors in their own independent capacity. That said shipment was made subject to inspection in accord with the prevailing custom as to shipments of perishable goods. That defendants inspected said carload of oranges at the earliest possible moment, and finding the fruit greatly spoiled refused to accept same and forthwith notified plaintiff and consignor.

"On the trial in the county court May 18, 1916, the case was submitted on a general charge with various objections by defendants' attorney. The court refused several charges requested by defendants' attorney. The jury answered for the plaintiff and rendered a verdict for $182.29, with interest at 6 per cent. from date of judgment, together with all costs, against the defendants. Within two days, May 20, 1916, the defendants filed a motion for a new trial, and an amended motion for a new trial was filed May 27, 1916. Said motion was overruled by the court May 27, 1916. The appellant firm then and there excepted, and in open court gave notice of appeal to the Court of Civil Appeals for the Third Supreme Judicial District of Texas. This appeal was duly perfected by the filing of supersedeas bond in the sum of $450, on June 12, 1916. Thirty days' extension for filing bills of exception and statement of facts was granted."

Opinion.

[1] The first assignment of error complains of the alleged action of the trial court in overruling a general demurrer to plaintiff's petition. The record does not show that any demurrer was called to the attention of, or ruled upon by, the trial court, and therefore the assignment referred to cannot be considered.

The second assignment is predicated upon the action of the court in refusing to give a requested instruction directing a verdict for the defendant. The record shows that such instruction was requested and marked "refused" by the trial judge, but does not show, by bill of exception or otherwise, that appellant excepted to the action of the court in refusing the requested instruction.

[2] Article 2061 of the Revised Statutes, as amended in 1913, declares that:

"The ruling of the court in the giving, refusing, or qualifying of instructions to the jury shall be regarded as approved, unless excepted to as provided for in the foregoing articles."

Construing that article as amended, this and other appellate courts have held that in order to complain of the action of the trial court in refusing to give a requested instruction, it must not only be shown that such instruction was requested and refused, but that the complaining litigant reserved an exception to the action of the court in refusing it. I. & G. N. Ry. Co. v. Bland, 181 S. W.

504; Ins. Co. v. Rhoderick, 164 S. W. 1067; Loeb v. Ry. Co., 186 S. W. 378; Ry. v. Downs, 186 S. W. 864. Appellants, not having excepted to the action of the trial court in refusing to give the requested instruction, cannot be heard to complain of that ruling in this court.

What has just been said in reference to the second assignment has equal application to the third, wherein complaint is made of the action of the trial court in refusing to give another special charge. The record fails to show that appellant excepted to that ruling, and therefore the question sought to be presented by the third assignment must be considered as waived.

Appellants' fourth and fifth assignments relate to certain rulings in reference to the admissibility of certain testimony. As stated in appellee's brief, the questions are not properly presented in appellants' brief, but we have considered the assignments and the questions sought to be presented, and have reached the conclusion that no error was committed in that respect.

[3] The sixth and seventh assignments are predicated upon alleged error in the charge of the court. Similar objections are urged by counsel for appellee against the consideration of those assignments that are urged against those predicated upon the refusal of certain instructions. In other words, the point is made that the record does not show that the objections here made against the charge were presented to the trial judge. That objection is well taken. Article 1971 of the Revised Statutes, as amended by the act of 1913, in part reads as follows:

"The charge shall be in writing and signed by the judge; after the evidence has been concluded the charge shall be submitted to the respective parties or their attorneys for inspection, and a reasonable time given them in which to examine it and present objections thereto, which objections shall in every instance *be presented to the court* before the charge is read to the jury, and all objections *not so made and presented shall be considered as waived.*" (Italics are ours.)

The record shows that on the same day the case was tried appellant filed with the clerk written objections to the court's charge, substantially the same as are being urged in this court; but the record does not show, by bill of exception or otherwise, that the objections referred to were ever called to the attention of the court, and therefore such objections must now be regarded as waived.

The case of Ry. Co. v. Dickey (Sup.) 187 S. W. 184, which was decided by the Supreme Court, does not go to the extent contended for by counsel for appellant. In that case it is distinctly held that objections to the court's charge must, in every instance, be presented to the court before the charge is read to the jury; and that all objections not so made and presented must be considered as waived. It was also further held that in reference to objections to the court's charge

when the record showed, as it did in that case, that the written objections had been presented to the court and overruled, it was not necessary for the complaining litigant to take a bill of exception showing that he excepted to the action of the court in overruling such objection. In fact, in the Dickey Case the court made and entered upon its minutes an order showing that the objections to the charge were presented to the court before the charge was read to the jury; that the court considered and overruled the objections, to which action the defendant excepted.

In this case the record fails to show that the objections which were filed with the clerk were ever presented to the court, and therefore such objections must be regarded as waived.

In a supplemental brief counsel for appellants presents the contention that the objections referred to should be considered, because they point out fundamental error in the charge of the court. Our answer to that argument is that the statute makes no exception as to fundamental errors, but declares that all objections not presented to the court in the time and manner prescribed shall be regarded as waived; and we therefore hold that the waiver applies to fundamental errors as well as those not fundamental.

This disposes of all the questions presented in appellants' brief, and, as no reversible error has been pointed out, the judgment is affirmed.

Affirmed.

### On Motion for Rehearing.

The only point made by the motion is that this court committed error in not sustaining appellants' assignment which complained of the action of the trial court in overruling appellants' general demurrer to the plaintiff's petition.

[4] Our ruling was based upon the fact that the record failed to sustain the assignment, as it was not shown that the demurrer referred to was presented to or ruled upon by the trial court. In the motion under consideration it is contended that that was not necessary, because, if the plaintiff's petition was subject to a general demurrer, it was so defective as to render the judgment fundamentally erroneous, and make it the duty of this court to reverse the same.

Appellants did not suggest at the original hearing in this court that there was any fundamental error, but merely complained because of an alleged ruling by the trial court upon a general demurrer, when the record failed to show that any such ruling was made. But if it be conceded that, if the plaintiff's petition was originally subject to a general demurrer, such defect is not cured, and may be raised for the first time on motion for rehearing in this court, and upon the

ground of fundamental error (which we do not hold), still appellants are not entitled to have the case reversed.

The case originated and was first tried in a justice of the peace court, and was then appealed to and tried by the county court. Article 2326 of our Civil Statutes authorizes oral pleading in justices' courts, and does not prescribe what shall be stated in such pleadings; and it has been held that, when cases are appealed from a justice's court to the county court, the same rules apply. It has also been repeatedly held that in such cases the same fullness and particularity is not required that is prescribed by statute and held by the courts in cases which originate in district and county courts. It has also been held that, when written pleadings are filed in such cases, it is permissible to supplement the same by oral amendments.

In the instant case the plaintiff filed a written petition in the justice's court, and another in the county court, but the record does not show that these were not supplemented by an oral amendment, curing what appellants claim as constituting fatal defects in both the written petitions. Furthermore, the written petition in the county court stated the plaintiff's cause of action with more fullness than has been done in some other justice of the peace cases where the pleadings have been held sufficient on appeal. Therefore, and for all the reasons stated above, appellants' motion for rehearing has been overruled.

Motion overruled.