HARLAN et al. v. ACME SANITARY FLOORING CO. et al. (No. 812.)

(Court of Civil Appeals of Texas. El Paso. April 11, 1918. Rehearing Denied May 16, 1918.)

1. APPEAL AND ERROR ⚯722(1) — ASSIGNMENTS OF ERROR.

Acts 33d Leg. c. 136 (Vernon's Sayles' Ann. Civ. St. 1914, art. 1612), providing that assignments in the motion for new trial shall constitute the assignments of error, *held* to preclude the consideration on appeal of assignments that are not correct copies of the corresponding paragraphs in the motion.

2. APPEAL AND ERROR ⚯231(9)—PRESERVING EXCEPTIONS — STATEMENT OF GROUNDS—CHARGE TO THE JURY.

Acts 33d Leg. c. 59, providing that parties shall present their objections to a charge before it is read to the jury, construed to mean that the particular grounds of objection shall be presented, and an objection without such grounds being specified is insufficient to entitle objection to be reviewed on appeal.

3. APPEAL AND ERROR ⚯525(3) — RECORD—PRESERVING EXCEPTIONS.

Compliance with Acts 33d Leg. c. 59, providing that a party who objects to a charge shall present grounds of objection before charge is given, requires that the particular objections be specified in the record, and a failure to do so is fatal to a review of such objection on appeal.

4. APPEAL AND ERROR ⚯212 — QUESTIONS REVIEWABLE — PEREMPTORY INSTRUCTION — FUNDAMENTAL ERROR.

The giving of a peremptory instruction is not fundamental error so apparent on record that it will be reviewed despite failure to object to such instruction as required by Acts 33d Leg. c. 59.

5. APPEAL AND ERROR ⚯753(2)—FUNDAMENTAL ERROR—ASSIGNMENTS OF ERROR.

Where there are no fundamental errors that need not be assigned to be reviewed and no assignments of error presented in compliance with statutory requirement, the judgment must be affirmed.

Appeal from District Court, El Paso County; Ballard Coldwell, Judge.

Action between Lee Harlan and others and the Acme Sanitary Flooring Company and others. Judgment for the latter and the former appeal. Affirmed.

Seymour Thurmond and Edwards & Edwards, all of El Paso, for appellants. C. W. Croom and Jones, Jones, Hardie & Grambling, all of El Paso, for appellees.

HIGGINS, J. This is an appeal from a judgment rendered upon an instructed verdict. Two assignments of error are presented in the brief complaining of the peremptory instruction. The assignments set forth the reasons why it was contended the peremptory charge was improperly given. Neither of the assignments presented in the brief are true copies of any paragraph of the motion for new trial. They are presented in a reconstructed form.

[1] By chapter 136, Acts 33d Legislature, page 276 (Vernon's Sayles' Ann. Civ. St. 1914, art. 1612) it is provided that the assignments in the motion shall constitute the assignments of error. We have no authority to disregard the plain meaning of this legislative provision, and it has been repeatedly held that the courts will not consider assignments which have been reconstructed, or are incorrectly copied in the brief. For the reasons indicated, the assignments cannot be considered. Edwards v. Youngblood, 160 S. W. 288; Mfg. Co. v. Walcowich, 163 S. W. 1054; Dees v. Thompson, 166 S. W. 56; Overton v. K. of P., 163 S. W. 1052; Smith v. Bogle, 165 S. W. 35; Coons v. Lain, 168 S. W. 981; Watson v. Patrick, 174 S. W. 632; Oil Co. v. Crawford, 184 S. W. 728; Irrigation Co. v. Buffington, 168 S. W. 21; Ruth v. Cobe, 165 S. W. 530.

[2, 3] Another reason which precludes consideration of the assignments upon their merits is the failure to observe the provisions of chapter 59, Acts 33d Legislature. This act requires that before the charge is read to the jury, the parties shall present to the court their objections. This plainly means that the parties shall present to the court the reasons why they object to the charge, or any part thereof. The record here simply discloses that the parties objected to the charge before it was given. It fails to show that they presented the grounds of their objection. If it were held that it is sufficient for a party to simply state that he objects to a charge, then the statute would be deprived of all efficacy. The objections must be distinctly stated so

⚯For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

that the trial court then and there may be advised of the error, if any, which the charge contains. Railway Co. v. Thomas, 175 S. W. 822; Steele v. Dover, 170 S. W. 809. The record failing to show what objections were urged against the charge, the act was not complied with. Compliance therewith is imperative. Railway Co. v. Dickey, 108 Tex. 126, 187 S. W. 184.

[4] The giving of a peremptory instruction is not fundamental error, and, if it is, the same is nevertheless waived by a failure to comply with the act last mentioned. Hendrick v. Lbr. Co., 200 S. W. 171; Needham v. Cooney, 173 S. W. 979; Railway Co. v. Wheat, 173 S. W. 974; Loeb v. Railway Co., 186 S. W. 378; Pearce v. Supreme, etc., 190 S. W. 1156; Heidenheimer v. Railway Co., 197 S. W. 886; Commonwealth, etc., v. Bryant, 185 S. W. 979.

[5] We have carefully examined this entire record to ascertain if it presents any fundamental error requiring reversal, without being properly assigned, and find none. The judgment must therefore be affirmed. Riggs v. Baleman, 198 S. W. 813, and cases there cited. This court always regrets the necessity of disposing of appeals except upon their merits, but it cannot disregard plain statutory provisions.

Affirmed.