**DIXON v. HAYMES et al.  (No. 7466/7851.)**

(Court of Civil Appeals of Texas. Galveston.
Feb. 18, 1920. On Motion for Re-
hearing, April 8, 1920.)

**1. Appeal and error ☞722(1) — Assignment
not corresponding with motion for new trial
not considered.**

Where the motion for new trial assigned
error, on the ground that the verdict was
against the evidence, was vague, and was in
conflict with the testimony, an assignment of
error on appeal that it was the duty of the
trial court to instruct the jury in writing will
not be considered, for the assignment does not
comply with Vernon's Sayles' Ann. Civ. St.
1914, art. 1612, requiring the filing of a motion
for new trial, and declaring that the assign-
ments therein shall constitute the assignments
of error on appeal.

**2. Appeal and error ☞730(1) — Assignment
containing nothing on which proposition can
be founded must be overruled.**

An assignment of error that a court of rec-
ord should instruct the jury contains nothing
on which a proposition of law can be based,
and cannot be considered.

**3. Appeal and error ☞699(1) — Assignment
that court erred in not charging the law of
the case will not be considered.**

While the statutes require the court to
charge the jury in writing as to the law of the
case, unless such instructions are waived, an
assignment of error, merely reciting that it
was the duty of the court to instruct the jury
as to the law of the case, etc., must be over-
ruled, where there was nothing in the record
to show that instructions were not waived.

Appeal from Wharton County Court; W.
G. Davis, Judge.

Action by George Raun against T. L.
Haymes and W. N. Dixon. From a judgment
in favor of defendant Haymes, who filed
cross-action against defendant Dixon, the lat-
ter appeals. Reversed and rendered.

W. L. Hall, of Wharton, and Townsend &
Quin, of Columbus, for appellant.

LANE, J. This suit was brought by George
Raun, one of the appellees herein, against
the other appellee, T. L. Haymes, and ap-
pellant, W. N. Dixon, to recover the sum of
$342.75, alleged to be balance due him for
threshing 2,285 sacks of rice, the property of
defendants, at 60 cents per sack. He alleg-
ed that Haymes and Dixon had jointly con-
tracted with him for such threshing, and
that he had performed his part of said con-
tract; that the sum due therefor was $1,371;
that Haymes and Dixon had paid him $1,028.-
25, and there was still due and unpaid of
such sum a balance of $342.75, for which he
sues.

The defendant Dixon, appellant herein,
answered by general denial, but by special
plea admits the execution of the contract be-
tween himself and defendant Haymes, which
reads as follows:

"This contract and agreement, made and en-
tered into by and between W. N. Dixon, here-
inafter known as first party, and Thomas L.
Haymes, hereinafter known as second party,
both of the county of Wharton and state of
Texas, witnesseth:

"That first party hereby leases and demises
unto second party, for the term beginning the
15th day of October, 1917, and ending on the
1st day of December, 1918 (granting herein to
second party the privilege to retain said prem-
ises, or such portions of said premises as
agreed upon by both parties), for a term of
three years, upon same terms and conditions
as hereinafter set forth, if desired by second
party, the following described lands: About
one hundred and fifty acres of land on the W.
N. Dixon farm about 8 miles west of Garwood,
Texas, together with the ·pumping plant and
such buildings as agreed upon by both parties—
upon the following terms and conditions:

"First party hereby agrees to furnish the
land; furnish the water; furnish the engine
(and keep said engine in good running order at
all times); furnish the fuel at Garwood, Tex-
as; furnish the seed rice; furnish one-half of
sacks; to pay one-half of threshing expense,
or furnish the separator and one man; to pay
one-half of expense of placing said crop in
warehouse at Garwood, Texas.

Second party hereby agrees to furnish and
provide all of the teams, farming implements,
and all labor necessary to prepare, plant, irri-
gate, harvest, and thresh about 150 acres of
rice to be grown upon said premises during the
term of this lease, and to farm said rice crop
in first-class and farmerlike manner and in
proper season therefor; to furnish all the
twine; furnish a competent man to run the
engine; to haul all the fuel; to do necessary
plowing in building any new levees (first party
to pay for the surveying); to pay first party,
as rental for said premises, one-half of all the
rice raised during the term of this lease; said
rice crop to be sacked in good sacks, properly
sewed up, and all sacks to be of like character
and quality as that retained by second party,
and all rentals belonging to first party shall be
delivered to market at Garwood, Texas, by sec-
ond party (first party paying one-half of the
expense of delivery); to keep ·pump running
night and day when water is needed during the
pumping season. * * * *"

Further pleading, defendant Dixon says
that he paid plaintiff, Raun, the sum of
$342.75, which was all he had contracted to
pay, and therefore he should be discharged,
with his costs.

Defendant Haymes answered, admitting
the truth of the allegations of plaintiff's
petition, and by cross-action against appel-
lant, Dixon, alleged that he entered into a
written contract with the defendant W. N.
Dixon, under the terms of which said rice

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

was raised, harvested, and threshed, and that in said contract the said Dixon obligated and bound himself to pay one-half of the threshing expense of said crop (defendant attached to his answer and marked "Exhibit A" a copy of the contract entered into by him with the said W. N. Dixon); that in conformity with his agreement with the plaintiff, George Raun, and in pursuance of his contract with defendant Dixon, he paid to the plaintiff one-half of the threshing expenses of said rice, to wit, the sum of $685.50, which was the amount due plaintiff by defendant, and that the balance of said threshing expenses, $342.75, was due and owing to plaintiff by the defendant W. N. Dixon; that in the event plaintiff should recover judgment against him and the defendant Dixon, either jointly or severally, he says that he is entitled to a judgment over and against the defendant Dixon for such an amount as plaintiff should recover in this case, together with his costs.

Answering to the cross-action of defendant Haymes, appellant averred that in the payment of the $342.75 to Raun he fully performed his part of the obligation created by the contract between Haymes and said Raun, and that therefore defendant Haymes should not be permitted to recover against him in his cross-action.

The cause was submitted to a jury, so far as shown by the record, without instructions. The jury returned the following general verdict:

"We, the jury, find for the plaintiff, George Raun, against defendant T. L. Haymes, $342.-75, and in favor of defendant T. L. Haymes and against defendant W. N. Dixon, $342.75."

Upon this verdict the court rendered judgment in favor of plaintiff, Raun, against defendant Haymes, for the sum of $342.75, and a judgment in favor of Haymes against appellant Dixon for the same sum. From this judgment against him Dixon has appealed.

[1, 2] Appellant's first assignment is as follows:

"In a case tried in a court of record, it is the duty of the trial court to instruct the jury, in writing or otherwise, what their verdict should be."

This matter was not copied from the motion for new trial, nor any other part of the record. It contains nothing upon which a proposition of law can be founded. It does not meet the requirements of either the law or the rules prescribed for the Courts of Civil Appeals, and cannot be considered. It is provided by law that in all cases where the law requires the filing of a motion for new trial, or where such motion is in fact filed, the assignments therein shall constitute the assignments of error on appeal.

Vernon's Sayles' Civil Statutes 1914, art. 1612; Nations v. Miller, 212 S. W. 742; Harlan v. Acme San. Flooring Co., 203 S. W. 412, and authorities therein cited; City of Sweetwater v. Biard Dev. Co., 203 S. W. 801; rule 29 (142 S. W. xii).

When we look to the motion for new trial we find that the first three assignments therein are as follows:

"First. Because the verdict of said jury is contrary to the evidence and all the evidence adduced upon the trial of said cause.

"Second. Because said verdict is vague, uncertain, and indefinite to such an extent that no valid judgment can be entered thereon.

"Third. That said verdict is contrary to and wholly unsupported and in conflict with the testimony adduced upon the trial of said cause."

None of these, nor any other assignment in said motion, can be said to even remotely resemble assignment No. 1 in appellant's brief and set out herein.

We also refuse to consider the second assignment, for the same reasons assigned for not considering assignment No. 1.

[3] The third and last assignment is as follows:

"A trial court is required under the law to charge the jury in writing as to the law governing the particular case tried."

It is apparent that this assignment is not the third assignment found in the motion for new trial, nor is it similar to any other assignment in the motion, and for this reason should not be considered; but, should we consider the same, we would overrule it. While it is provided by our statute law that the court should instruct the jury in writing as to the law governing the case, unless such instructions are waived by the parties to the suit, there is nothing in the record to show that such instructions were not given, except that the same does not appear in the record, nor is there anything in the entire record to show that such instructions were not waived. It is true that there appears in the record a bill of exceptions, in which it is insisted that the court erred in refusing to grant appellant's motion for new trial, because the court failed to charge the jury in writing. But if it be conceded, as perhaps it must be, that the court did not charge the jury in writing, still there is nothing to show that such instructions were not waived by all parties to the suit. If such instructions were so waived, it was not error in the court to fail to give same.

In view of what has been said, the judgment of the trial court is affirmed.

Affirmed.

### On Motion for Rehearing.

In the original opinion we held there was no assignment of error in appellant's brief

which properly raised the question of the want of evidence to support the judgment of the trial court, and for that reason we refused to pass on that question. Appellant has filed his motion for rehearing, and insists therein that the second assignment in his brief was sufficient to raise the issue.

After a review of the second assignment, we have concluded to consider the same, and after a careful examination of the facts, and all the facts proven, we have reached the conclusion that such facts are wholly insufficient to support the judgment rendered in favor of Haymes against Dixon. We therefore grant the motion for rehearing, and now set aside so much of our former judgment as affirmed that portion of the judgment of the trial court above mentioned, and it is now ordered that so much of the judgment of the trial court as is in favor of T. L. Haymes against W. N. Dixon be reversed, and that judgment be here rendered for appellant, Dixon.