### HART v. WILSON.

#### No. 3869.

Court of Civil Appeals of Texas. Amarillo.
Sept. 21, 1932.

Rehearing Denied Nov. 9, 1932.

Perry T. Brown, of Friona, for appellant.
J. D. Thomas, of Farwell, for appellee.

MARTIN, J.

Appellee sued and obtained judgment in justice court against appellant for $151.64. Upon appeal to the county court appellee's recovery by judgment against appellant was the sum of $131.64, from which judgment he appeals to this court, presenting as error the refusal of the trial court to sustain a general demurrer and an exception to the admission of evidence because of insufficient pleadings. We regard the two points as identical.

We find in the record a written petition, but no showing pro or con as to oral pleadings.

The pleadings in justice and county court in cases of this character may be oral. Article 2388, Vernon's Ann. Civ. St., and notes under this article. Also first case cited below.

■■ Where written pleadings are filed, it is permissible to supplement the same by oral amendments. Heidenheimer, Strassburger & Co. v. Houston & T. C. R. Co. (Tex. Civ. App.) 197 S. W. 886. We will presume in this court, in the absence of a showing to the contrary, that the written pleadings were supplemented by such oral amendments as cured any claimed defect therein. Heidenheimer, Strassburger & Co. v. H. & T. C. R. Co., supra; Clonts v. Johnson, 116 Tex. 489, 294 S. W. 844, 848. The presumption we indulge in support of the record takes any merit out of the point attempted to be made by appellant, and we regard any further discussion unnecessary.

The judgment is affirmed.

### On Motion for Rehearing.

In deference to a very earnest motion for rehearing filed by appellant, we have concluded to make these further additional observations:

It is vigorously argued that the original opinion was erroneous, and in support of this contention the following quotation is given from the case of Silberberg v. Trilling, 82 Tex. 523, 18 S. W. 591, 592: "Although not required to do so, appellants answered in the justice court in writing, and set up their defenses. There were no defenses entered on the justice's docket, and we can only look to their written pleadings."

■ Since appellant's pleadings in this case were in writing, it is insisted that this case and some others of similar import are in conflict with our holding herein. Examining the facts of the above case, it will be noted that the quoted language was used in reply to appellant's contention the effect of which was that the appellate court should presume that oral pleadings of a particular defense were made in the lower court and so presuming the judgment was erroneous. There is a manifest difference between presumptions which give validity to judgments and those which render them invalid. The former may be indulged, but not the latter.

This case was referred to by Judge Speer in the Clonts et al. v. Johnson Case, cited in the original opinion, in the following language: "Under the law they are permitted to be orally stated, and presumptively they were so stated, and neither court is shown wrongfully to have assumed jurisdiction of the case." Citing this authority. Quoting further: "It could not be presumed to be supported by pleadings, for that presumption of law is one of regularity and not irregularity. * * * In the absence of *evidence* showing what the pleadings were in the justice court or in the county court as to that, on appeal from the justice court where the trial is de novo, there is a presumption that the pleadings were oral."

Speaking in this case of the manner in which oral pleadings may be shown in the appellate court, Judge Speer states they "can only appear by agreement, or testimony in the record, or be evidenced by a proper bill of exceptions."

In the instant case appellant took a formal bill of exception to the testimony of a witness which, omitting its formal parts, is in the following language: "While the plaintiff M. M. Wilson was testifying in his own behalf he was asked the question if he had filed his account for services rendered the defendant with the county clerk of Parmer County and had presented a duplicate of said account to the defendant; to which question the defendant Hart then and there in open court objected for the reason that there was no pleadings to support such question and answer and the Court overruled said objection. Thereupon the witness answered 'Yes.'"

■ Since the pleadings might be oral or partly oral and partly written, this bill is manifestly defective in failing to state and have certified by the trial court as a fact that there were no oral pleadings upon which such evidence could be based. Objections which contain a statement of a fact do not prove themselves. In such cases there should always be incorporated in the bill of exception such matters as evidence the truth of the objection. This has been held in many authorities. 3 Tex. Jur. 468, § 330, and authorities there collated. See San Antonio & A. P. R. Co. v. Lester (Tex. Civ. App.) 84

S. W. 401; Gause-Ware Funeral Home v. McGinley (Tex. Civ. App.) 41 S.W.(2d) 433; Schebesta v. Stewart (Tex. Civ. App.) 37 S. W.(2d) 781; Vernon's Ann. Civ. St. art. 2237, note 37 for full collation of authorities.

In view of the many bills of exception coming to the appellate courts in the same condition as this one, we have extended the length of this opinion to particularly point out its defect for the benefit of the members of the bar.

Believing that the law requires us to presume in support of the validity of the judgment herein that appropriate oral pleadings existed, in the absence of a contrary showing by appellant, the motion for rehearing is denied.