THE TRADERS INSURANCE COMPANY ET AL. v. E. E. CHASE ET AL.

No. 2155.

**Insurance Policy on Homestead—Garnishment—Provision for Stay.**

A provision in an insurance policy upon the homestead to the effect that in case of garnishment or attachment of the insurance company in consequence of any debt or default of the assured, any suit and all proceedings therein in behalf of the assured on the policy shall be stayed until said garnishment or attachment suit shall have been finally decided and disposed of, is void.

ERROR from Tarrant. Tried below before Hon. S. P. GREENE.

*Samuel T. Camp,* for plaintiff in error.—A clause in an insurance policy which provides, in case the policy become a claim by loss that no judgment shall be recovered thereon by the assured so long as there are other suits pending against the insurance company concerning the disposition of the proceeds of the policy, is a reasonable and valid condition and should be enforced. Nor would such a clause become ineffective, even though the property insured might be proved upon a trial to have been exempt from execution. 2 Wade on Attachment, par. 382, p. 105; American Bank v. Rollins, 99 Mass., 314; Embree & Collins v. Hanna, 5 Johns. (N. Y.), 101; Nevins v. Ins. Co., 5 Foster (N. H.), 22.

*John W. Wray,* for defendants in error.—1. The court correctly disregarded that portion of the answer setting up the foreign garnishments and awarded judgment in favor of the defendants in error, for said portion of the answer setting up said foreign garnishments constituted no defense whatever. Renier v. Hurlbut, 50 N. W. Rep., 783; Drake on Attachments, sec. 452a.

2. The plaintiff in error, in executing to defendants in error its policy of insurance on the homestead of defendants in error, contracted with them with the full knowledge of the laws of Texas regulating homesteads, and knew at the time of the issuance of said policy that in event of a loss of the premises upon which it was laid, that the avails thereof were exempt, and were not subject to execution or appropriation by the creditors. 64 Texas, 582; Havens v. Germania Fire Ins. Co., 27 S. W. Rep., 721; Railway v. Sharitz, 23 Pac. Rep., 431.

STEPHENS, ASSOCIATE JUSTICE.—This case differs from that of Swayne v. Chase (29 S. W. Rep., 418, 30 S. W. Rep., 1047) only in that Swayne no further prosecutes the writ of error, and the insurance company pleads a provision of its policy to the effect that in case of garnishment or attachment in consequence of any debt or default of the said E. E. Chase, any suit and all proceedings therein in behalf of the assured, his representatives or assigns, shall be stayed until said garnishment or attachment suit shall have been finally decided and disposed of, and that the company shall have the right to apply to the appropriate court for such stay. The pendency of garnishment proceedings in New York and

Connecticut, though subsequent to that of Swayne herein, was alleged under oath, followed by a prayer for the stay as provided in the policy. To the action of the court in sustaining a demurrer to this plea, error is assigned. The question is, Is this provision of the policy enforceable?

It is very clear from the opinion of Justice Brown in the case referred to above, that our Supreme Court approve the decision in Cameron v. Fay, upon the ground that the avails of an insurance policy on the homestead take the place of the house destroyed, and have, therefore, the same constitutional protection as exempt property that the house itself previously had, though that decision also held that a lien authorized by the very same constitution against the house could not be enforced against the proceeds of the policy, because they did not take the place of the house. We endeavored to sustain that decision upon a ground that would not involve such a palpable contradiction. As the same constitution which provided for the exemption of the house and lot from execution also provided for the creation of the mechanic's lien thereon, we could not understand how any court could hold, either in the same case or in different cases, that it was the intention of that constitution that the proceeds of the insurance policy should take the place of the house as a part of the homestead itself in the one instance and not in the other. Indeed, the constitution exempting the homestead from forced sale for the payment of debts expressly excepts debts "for work and material used in constructing improvements thereon." Const., art. 16, sec. 50. We could, therefore, see no escape from the conclusion that, if the constitutional definition of the homestead was broad enough in terms to include the insurance money as a contingent part thereof, the enforcement of the mechanic's lien in that case could not logically have been denied.

But it becomes our duty now to conform to the view expressed in the opinion of Judge Brown, from which it follows, we think, that a provision inserted in an insurance policy taken out by the husband upon his residence or business homestead, making garnishee process the means of depriving the husband and wife, as in this instance, of the immediate enjoyment of their insurance homestead (thus engrafted upon the constitution by judicial decision) should be held to be void. Not being subject to garnishment, because exempt the same as if the constitution had declared that in case the house is burned the proceeds of the policy of insurance shall take its place, these proceeds are thereby placed beyond the process of creditors, and any stipulation of the policy to the contrary would be at variance with the constitution as thus construed.

If the insurance money was a part of the homestead of Chase and wife at the time of the trial, they were entitled to a judgment, notwithstanding the provision of the policy in question. The courts of Texas could not thus be delayed in the enforcement of constitutional rights by the pendency of judicial proceedings abroad, which could determine nothing respecting the question of exemption at issue here.

As this writ of error was sued out pending the decision in the other

case, and the record filed here after our decision and before that of the Supreme Court, we are of opinion that no damages should be awarded.

The judgment is affirmed.

*Affirmed.*

Delivered June 26, 1895.