M. HINZIE v. W. L. MOODY & Co.

Delivered March 12, 1896.

**1.  Business Homestead—Rents Subject to Garnishment.**
The rents of a business homestead are not exempt from garnishment by creditors of the owner.

**2.  Same—Abandonment.**
A merchant had used as his business homestead a building 100 feet by 25 feet, two stories high; but having failed in business, he thereafter rented out the building except a space 12 by 15 feet in one corner of the lower floor room, surrounded by a railing, which he used as a real estate and insurance office, and to which ingress and egress could be had only through the main room.  Held, that the building was not abandoned as a homestead.

**3.  Same—Community Property.**
The fact that the building was community property, one-half of it belonging to the heirs of the deceased wife, did not entitle such heirs to claim one-half the rents thereof as against creditors of the owner who had garnished such rents.

APPEAL from Anderson.  Tried below before G. H. Gould, Esq.; Special Judge.

*McMeans & Gill,* for appellant.—1.  The court erred in his conclusions of law that money due M. Hinzie, the owner of a business homestead, for the rent of a portion of such homestead, is subject to the plaintiffs' writ of garnishment, and in rendering judgment against the garnishees and this defendant.  Alexander v. Holt, 59 Texas, 205; Cobb v Coleman, 14 Texas, 598; Morgan v. Rountree, 55 N. W. Rep., 65.

2.  The right of a debtor in this State to dispose of his exempt pro<br>

erty, and give a good title, as against his creditors, is well established. Conner v. Hawkins, 66 Texas, 639; Beard v. Blum, 64 Texas 62; Scheuber v. Ballow, 64 Texas, 166; King v. Harter, 70 Texas, 581.

3. The conclusion of law and fact that the house in question was the business homestead of appellant Hinzie, and that it had never been abandoned as such, is fully warranted by the evidence. Leavell v. Lapowski, 19 S. W. Rep., 1004; Maroney Hdw. Co. v. Connellee, 25 S. W. Rep., 448; Ford v. Fosgard, 27 S. W. Rep., 57; Gassoway v. White, 70 Texas, 475; Hargadine v. Whitfield, 71 Texas, 483.

4. The renting of a portion of a business homestead does not destroy its character as such, nor subject it to forced sale. Newton v. Calhoun, 68 Texas, 451; Hensley v. Shields, 25 S. W. Rep., 37; Blum v. Rogers, 15 S. W. Rep., 115; Prufrok v. Joseph, 27 S. W. Rep., 264; Ulman v. Jasper, 70 Texas, 452; Langston v. Maxey, 74 Texas, 161; Rollins v. O'Farrell, 77 Texas, 94.

*Gregg & Gardner*, for appellees.—1. The court erred in his conclusions of fact and law in finding that the store house, the rent due on which is in controversy in this case, is the business homestead of M. Hinzie, and that it had never been abandoned as such, because the evidence shows that it had been abandoned, and that the portion for which Akin & Broyles, the garnishees, owe rent had been abandoned, and all said building rented out except a small portion in one corner, which is used by Hinzie as his office for conducting the business of real estate and insurance agent and commission broker, and because said building is not commensurate with nor necessary to the character of business being conducted by said Hinzie, nor the manner in which he conducts it. Shyrock v. Latimer, 57 Texas, 677; Pfeiffer v. McNatt, 74 Texas, 640; Houston v. Newsome, 82 Texas, 75; Duncan v. Alexander, 83 Texas, 441; Hargadine v. Whitfield, 71 Texas, 482.

2. If the owner of a business homestead rents out a portion of it (reserving to himself sufficient for his business purposes), the rent due on the portion so rented is subject to garnishment for his debts. Porter v. Sweeney, 61 Texas, 213; Pfeiffer v. McNatt, 74 Texas, 640; Silberberg v. Trilling, 82 Texas, 523; Coates v. Caldwell, 71 Texas, 19; Whittenberg v. Lloyd, 49 Texas, 633; Man v. Kelsey, 71 Texas, 609, Kirby v. Giddings, 75 Texas, 679; Blum v. Light, 81 Texas, 414.

GARRETT, CHIEF JUSTICE.—This was a proceeding by garnishment after judgment, begun by the appellees, W. L. Moody & Co., against Akin & Broyles, tenants of Martin Hinzie, the appellant, who intervened in the suit, to subject to their judgment the rents of a building in the city of Palestine claimed by Hinzie as his business homestead.

Prior to first day of January, 1888, the appellant was a married man, the head of a family, and owned and resided with his wife and children upon a lot in the city of Palestine as his homestead. His wife died on the date mentioned, and he has since continued to occupy said home-

stead with his children. For some time prior to the death of his wife and up to October, 1889, he was engaged in business in the city of Palestine as a wholesale and retail dealer in groceries and hardware, and carried on his business in a brick storehouse situated on a lot separated from his residence and owned in community between himself and wife. The house was built in 1878 for a store house in which to carry on his mercantile business. It is a two story house, built of brick on lot number 10, block 162; it covers the entire lot and is 25x100 feet. It fronts south on Spring street and north on Main street, the two principal business streets of Palestine. There is an alley ten feet wide connecting the streets on the east side of the building.

In October, 1889, Hinzie failed in business and conveyed his property to a trustee for the benefit of his creditors. Before the failure of Hinzie in his mercantile business, the upper and lower floors of his business house were connected by an elevator, and both were used for the carrying on of his business. After his failure he commenced business as commission merchant and broker and insurance and real estate agent. He kept his office on the first floor in the building which was also for about two years occupied rent free by his trustee in selling out the goods conveyed to him. Soon after Hinzie's failure in 1889, he closed the elevator and cut up the second story into rooms for bed rooms and offices which he has since rented out. In January, 1892, a temporary partition, was run across the lower floor sixty feet back from Spring street, and the room formed on Spring street was rented out for a saloon, and so occupied until August 1, 1892. Akin & Broyles occupied the entire lower floor, except 12x15 feet used by appellant as an office, as tenants of appellant under a lease from him for three years from August 1, 1892, at a rental of $90 per month. They took out the partition and the whole lower story is now one room. Appellant reserved and occupied as his office in which to conduct his business twelve by fifteen feet in the northeast corner. It is separated from the rest of the room by a railing three feet high upon which there is a wire netting eighteen inches high. Appellant kept his iron safe, desk, books, samples, etc., in this office, and it was necessary to his business. There are neither windows nor doors in the walls included in the office. Hinzie's only access to his office is through the room occupied by Akin & Broyles, to which he carries no key.

The following diagram will show the situation of the premises and appellant's office:

See following page for diagram

N

MAIN STREET.

```
                    12 FEET.
                              15 FEET.



100 FEET.                           ALLEY 10 FEET.




            25 FEET.
```

SPRING STREET.

Appellant has children, all of whom are minors except Herbert M. Hinzie who is the guardian of the others. The premises were let by the appellant and he received the rents himself. He testified that he accounted to the guardian for one-half the rents in the support of the children.

The court below found that the building was the business homestead of the appellant and, as such, was exempt from forced sale by his creditors; that as the community property of appellant and his deceased wife, it belonged one-half to him, and one-half to his children; and that one-half of the rents were subject to the claim of the appellees.

If the entire lot was protected to the appellant as his business homestead by the use made of it by him the heirs of his wife would have no interest in the rents, for the exemption would be to him alone as the head of the family. If it was not exempt, then the rents would be due to the owners of the fee simple title, one-half to the appellant and the balance to the heirs of his wife. The court held that the building was exempt. The further conclusion that appellees were entitled to recover only one-half of the rents is not correct, if the conclusion that the building was a homestead is correct, as well as the further conclusion neces-

sarily involved therein, that the proceeds derived from a renting of the homestead may be subjected to the debts of the person to whom the land is exempt as a homestead.

Appellant's business was such as to entitle him to the exemption of a lot or lots used for his place of business. He used exclusively for that purpose a space in the northeast corner of the building 12x15 feet, with right of ingress and egress through the main store-room. The contention of appellees is that he had cut off and separated the remainder of the room from his office; leased it to others for a long period of time and abandoned it as a place of business. It is also contended that the extent of appellant's claim would be only so much of the lot and the building above it as would be marked off by the interior lines of the railings and the lines of the lot on the outside. But the facts do not show such a separation and abandonment of the remainder of the building as to indicate certainly what portion of it had been abandoned. Hinzie had the right of ingress and egress to and from the space marked for his office through any of the doors and over any part of the room for himself and his customers. It will not do to say that he could cut into the walls a window on the alley or a door to the street, for the answer would be that he has not done so. He has an open office in the rented building, with egress from and access to it for himself and all such persons as may have business with him. In the cases relied on by appellees on this issue, there was a clear abandonment of so much of the property held subject to the debts of the person claiming the exemption by walls and lines marked, as well as a distinct cessation of use. Wynne v. Hudson, 66 Texas, 1; Hargadine v. Whitfield, 71 Texas, 489; Pfeiffer v. McNatt, 74 Texas, 640.

It does not follow, however, as above stated, that because the appellees have failed to show an abandonment of the portion of the building occupied under the lease, the rents would not be subject to garnishment in the hands of the lessees for the debts of the lessor. The Supreme Court has held that matured crops grown upon the homestead, after they have been gathered, are subject to execution for the debts of the head of the family. Coates v. Caldwell, 71 Texas, 19; Silberg v. Trilling, 82 Texas, 523. In case of a rural homestead the entire tract of 200 acres is protected by the presence thereon of the head of the family, and the letting of a portion of the land to tenants for cultivation would not subject it to force sale for his debts, yet, under the decisions, rent in kind would seem to be subject. The case of a business homestead, where the exemption extends only to the lot or lots used as a place to exercise the calling or business of the head of a family, does not present near so strong reason for the exemption of rents for such portion as might not be necessary for such use, as in the case of crops grown on the rural homestead where the land itself yields the support of the family, for it might well be argued that the exemption of the matured crops grown thereon was necessary to the beneficial use of the land in the support of the family, although a year's supply of such crops as are adapted to and

necessary for consumption is exempted by law. Since the rents can form no part of the constitutional use of the business homestead, and are not necessary to the beneficial use thereof, there can be no reason why they should be exempted. As above stated, if the rents are held subject to the debts of Hinzie, the building not having been shown to have been abandoned as a business homestead, he would be entitled to receive all of the rents to the exclusion of the heirs of his wife, and being so entitled, all would be subject to the garnishment.

Appellant in reply to the cross-assignment of appellees, complaining of the judgment of the court in giving them only one-half of the rents, say that the issue is not raised by the pleadings. We think it fairly arises on the face of the answer seting up the facts as to whether or not the rents might be exempt although the building had not been abandoned as a homestead. Appellees excepted to the conclusion of the court that only one-half was subject, and have properly presented it here by cross-assignment of error.

The judgment of the court below will be reversed on the cross-appeal, and judgment will be here rendered in favor of appellees for the full amount of the rents.

*Reversed and rendered.*

Writ of error refused.