## German Insurance Company v. H. F. Jansen.

### Delivered January 22, 1898.

**Fire Insurance—Valued Policy—Total Loss.**

A fire insurance company can not avoid its liability on a valued policy under the statute for a total loss by showing that the proof of loss by the assured stated an excessive valuation of the property.  Rev. Stats., art. 3089.

Error from Dallas.  Tried below before Hon. Edward Gray.

*Oeland & Brown,* for plaintiff in error.

*W. S. Simkins* and *George A. Titterington,* for defendant in error.

FINLEY, Chief Justice.—H. F. Jansen brought this suit in the District Court of Dallas County, Texas, against the German Insurance Company of Freeport, Illinois, on a policy of insurance dated October 19, 1894, covering the dwelling house, barn, chicken coops, and fences of plaintiff in the city of Dallas; also, household furniture to the amount of $250.  The dwelling-house was insured for $1450, and $150 covered the outhouses and fences.

The defendant company answered, (1) by general denial; (2) that plaintiff was not the absolute owner of the property destroyed, and that it had been partly incumbered since the issuance of the policy; (3) that the policy specially provided that fraud and evil practice should set it aside, and that plaintiff had been guilty of false and fraudulent representations in swearing to the amount and value of the property as set forth by him in the proof of loss; (4) that plaintiff participated in the burning of his house.

Upon these issues a trial was had on July 2, 1897, and the jury, under the charge of the court that under the undisputed evidence the jury should find for plaintiff, did find the sum of $1850, with interest at 6 per cent from October 11, 1896.

The charge of the court to find for plaintiff was based upon the following facts, as shown by the record:

1. It was admitted that plaintiff was the owner of the property at the time of the fire, and that the policy was in full force when the property was totally destroyed.

2. It was admitted that the personal property (household goods), the fences and outbuildings, were of value sufficient to make the insurance company liable to the full amount of the insurance upon them.

3. It was admitted that proof of loss was furnished within the required time, and the only objection made by the company to the proof of loss was, that it should have contained the plans and specifications of the dwelling-house. This further proof was furnished by plaintiff, stating in detail the quantity, quality, and value of the material that had gone into the building.

4. No attempt was made to prove the allegation that plaintiff participated in any manner in the burning of the building.

The quantity and value of the personal property, as well as the value of the outhouses and fences destroyed by the fire having been disposed of by these admissions, and the charge of participation by plaintiff in the origin of the fire having been abandoned, it left to the consideration of the court and jury the single issue, to wit, the loss being total, could the appellant, defendant below, offer evidence to show that the dwelling house was not worth $1450, the amount expressed in the policy for which said house was insured; and was such evidence admissible because of the allegation that the plaintiff, in making out his proof of loss, had falsely stated the value, quantity, and quality of the material that had gone into the building, which statement was made in response to a demand by defendant for the plans and specifications and material in the dwelling house.

The loss of the house being a total loss, the court, on objection by plaintiff, declined to permit H. F. Jansen, the plaintiff, to be examined as to the value of the destroyed house or as to the kind and quantity or value of the material that was put into it. The court, on objection of plaintiff, also refused to permit the witness Babb to be examined as an expert to show that the value of the house and the material that went into it, as set forth by plaintiff in the proof of loss, was not truly stated, to which defendant excepted and offered no further testimony—closing its case.

It will be noted that the issue was not that the assured had fraudulently misrepresented the value in procuring the insurance, but that he falsely stated the value, in his proof of loss, to be greater than it really was in fact.

In the case of Sullivan v. Insurance Company, 34 Southwestern Reporter, 999, we held that evidence that the assured falsely and fraudulently misrepresented the value of his building, which was not inspected by the company, and thereby procured insurance upon a false basis of

value, was admissible upon the issue of the validity of the policy, under the allegation that it was obtained through fraud.

Here, the evidence proposed merely tended to show that the value as stated in the proof of loss exceeded the real value of the house, and it is contended that this tended to establish a false statement made by the assured in his proof of loss which had the effect to forfeit his policy. The amount of the policy upon the house—$1450—upon the destruction of the house by fire, became a liquidated demand in favor of the assured against the company by force of statute. Rev. Stats., art. 3089; 64 Texas, 578; 29 S. W. Rep., 93; Id., 992; 33 S. W. Rep., 992.

The insurance company was bound by the value stated in the policy, and it could not avoid its liability by showing that the assured stated an excessive value in the proof of loss. The value of a house, to a large extent, is a matter of opinion, and the only way the company could raise such an issue to advantage would be for it to show that fraud and imposition was practiced by the assured by false representations as to value, and that its policy was thereby procured upon a false and excessive basis of value. It is not shown by the bills of exception or other portions of the record what amount was stated by the assured in the proof of loss as the value of the house. But we think it may be reasonably inferred that the value was stated to be $1450—the amount for which it was insured.

In Insurance Company v. Chase, 33 Southwestern Reporter, 602, and Fire Association v. Brown, 33 Southwestern Reporter, 997, it was held that proof of loss in case of total destruction of the house can not be required under our valued policy statute. This court has not found occasion to go this far, and we do not find it necessary to do so in this case. Assurance Co. v. Meyer, 29 S. W. Rep., on rehearing.

There are no other questions presented which we think require discussion. We find no error in the judgment, and it is affirmed.

*Affirmed.*

Writ of error refused.