## JOSEPH BILLINGS v. C. F. MATLAGE.

Decided October 21, 1904.

**1.—Business Homestead—Abandonment.**

An owner of a building who had conducted a mercantile busness therein but, by reason of financial reverses, had been forced to suspend, in the meantime engaging in other occupations for a livelihood but with the intention of reopening his business as soon as he could secure commercial credit, held not to have abandoned the premises as a business homestead.

**2.—Same—Exemption—Case Distinguished.**

A one-story frame building thirty feet wide and sixty feet in length held to be an entirety and a homestead occupancy sufficient to exempt any part exempted the whole. Hargadene v. Whitfield, 71 Texas, 482, distinguished.

Appeal from the District Court of Fort Bend. Tried below before Hon. Wells Thompson.

*Pearson & Pearson,* for appellant.

*M. J. Hickey,* for appellee.

GILL, ASSOCIATE JUSTICE.—On the 28th day of October, 1902, Joseph Billings recovered in the District Court of Fort Bend County against C. F. Matlage a judgment for $599.15. Upon this judgment an execution was issued March 5, 1903, and levied on lot No. 3, block 36, of the town of Rosenberg. This suit was brought by Matlage on April 7, 1903, to restrain the proposed execution sale on the ground that the property constituted his business homestead.

The trial court submitted to the jury the issue of homestead vel non and they found in favor of Matlage. From the judgment upon this verdict Billings has appealed.

The following facts are established by the verdict: C. F. Matlage was a married man and the head of a family, and had a residence home in Rosenberg, Texas. He also owned the lot in question upon which he had erected a one-story frame building 30 feet wide and 60 feet in length. He was in the mercantile business and used the building as a store up to October 25, 1901, when by reason of reverses he was compelled to suspend. He turned his stock of goods over to his creditors. Shortly thereafter he began in the same building the business of retail grocer and commission merchant. This he continued until May, 1902, when again stress of circumstances forced him to suspend. On the last named date he executed to Davis & Co. a written lease whereby the building was let to the lessees for the term of one year for the purpose of conducting a banking business therein. In this lease all the shelving which had been used in the mercantile business was to be stored in the rear part of the building, and the banking firm upon the expiration of the lease were to restore it to its former position in the store.

By oral agreement with the firm Matlage reserved in the rear of the

building space for his safe and books and thereafter occupied it in an effort to conduct the business of real estate loans and collections. At the expiration of the lease Matlage leased to the banking firm the western half of the building, reserving the eastern half in which he continued in the real estate loan and collection business.

In the last contract he reserved the right to terminate the lease upon sixty days' notice.

He had commercial credit to renew his mercantile business and intended to do so, but the floods of 1900 and 1901 and consequent failure of crops in the country adjacent to Rosenberg deterred him. He intended to resume his former business in the store when conditions again became normal.

The business of real estate and collections he pursued with poor success, but did some business. On several occasions when business was very dull he left his place of business and engaged in manual labor for his livelihood.

We are of opinion the facts show the rentals were only temporary and failed to establish abandonment.

These findings dispose of the assignments assailing the sufficiency of the facts to support the verdict.

The appellant claims that the trial court refused a charge submitting the issue of the abandonment of the western half of the building. We are of opinion the charge was properly refused. The building was an entirety, and homestead occupancy sufficient to exempt any part of it exempted the whole. The case is distinguishable from such as Hargadine's case, 71 Texas, 482, in which the owner of a homestead built a business building on a lot which was a part of his homestead and which adjoined the building occupied by himself. The new building was constructed for renting purposes and it was properly held to have the effect to sever from the exemption the lot upon which it rested. The case of Hinzie v. Moody, 13 Texas Civ. App., 193, 35 S. W. Rep., 832, is in point.

The charge assailed by the ninth assignment is not open to any of the criticisms embodied in the propositions thereunder.

We do not deem it necessary to discuss the remaining assignments in detail. They present no material error. The judgment is affirmed.

*Affirmed.*