ROYAL INS. CO. OF LIVERPOOL, ENGLAND, v. HUMPHREY et al.
(No. 7475.)

(Court of Civil Appeals of Texas. Galveston. Dec. 21, 1917. On Motion for Rehearing, Jan. 17, 1918.)

1. APPEAL AND ERROR ⊂⇒1034—PREMATURE FILING OF SUIT—HARMLESS ERROR.

Where defendant insurer admitted actual receipt of proof of loss before suit was filed, there could be no possible injury to it from premature filing of suit, where costs were adjudged against plaintiffs.

2. APPEAL AND ERROR ⊂⇒1066—REFUSAL TO SUBMIT ISSUE—PREJUDICIAL ERROR.

Refusal to submit issue whether defendant insurer waived proof of loss could not have materially affected defendant's rights, where defendant admitted that proof of loss was furnished by plaintiffs before suit; there being no complaint that proof was defective.

3. INSURANCE ⊂⇒668(14)—FIRE INSURANCE—PROOF OF LOSS—FRAUD AND FALSE SWEARING—EVIDENCE.

That plaintiffs in their proof of loss to defendant insurer had placed the value of furniture before the fire and the amount of loss at a higher figure than found by the jury, would not show plaintiff's fraud or false swearing in respect thereto.

4. EVIDENCE ⊂⇒18—COMMON KNOWLEDGE—VALUE OF HOUSEHOLD GOODS.

It is a matter of common knowledge that the valuation of household furniture and ladies' wearing apparel is, to a large extent, a matter of opinion.

On Motion for Rehearing.

5. PLEADING ⊂⇒228—SPECIAL EXCEPTIONS—MATTERS NOT APPEARING ON FACE OF PETITION.

Petition, not indicating on its face that suit was brought sooner than 60 days after proof of loss, contrary to provisions of fire policy, was good against special exception on the ground that it appeared from the face of the petition that suit was prematurely brought.

Appeal from District Court, Galveston County; Robt. G. Street, Judge.

Suit by Julia C. Humphrey and husband against the Royal Insurance Company of Liverpool, England. Judgment for plaintiffs, and defendant appeals. Affirmed.

Mart H. Royston, of Galveston, for appellant. Marsene Johnson, Elmo Johnson, Roy Johnson and Marsene Johnson, Jr., all of Galveston, for appellees.

GRAVES, J. This suit was instituted in the court below on January 28, 1916, by Julia C. Humphrey, joined pro forma by her husband, Harry Humphrey, appellees, against the Royal Insurance Company of Liverpool, appellant, on a certain fire insurance policy for $1,500 upon her separate personal property, which consisted of furniture, furnishings, wearing apparel, kitchen utensils, etc., located in her home in Galveston. It was alleged that on January 1, 1916, while the policy was still in force and effect, the dwelling occupied by her was partially destroyed and badly damaged by fire, and that all of her wearing apparel, household and kitchen goods, and other pieces of furniture covered by the policy were totally destroyed, save and except a few chairs and other pieces, which were so badly damaged as then to be worth only the reasonable market value of $55.

The cause was submitted to the jury by the court upon two special issues as follows:

First. What was the total value of the property covered by this policy in the house at the time of the fire? Answer in dollars and cents.

Second. What was the amount of loss and damage by fire of the property covered by the policy? Answer in dollars and cents.

The jury answered the first question by saying $3,000, and the second by saying $2,-500; accordingly the court rendered judgment in favor of appellees against appellant for

$1,250, one-half of the amount of loss found by the jury, since the $1,500 policy sued upon was for only one half the total insurance carried upon the property, there being a similar policy for a like amount in another company. From that judgment this appeal is prosecuted.

[1] By the first and second assignments, it is claimed that the court committed reversible error in overruling appellant's special exception challenging the sufficiency of appellee's petition, and in refusing to peremptorily instruct the jury to find in its favor, upon the ground that the suit had been prematurely brought and before any right of action had accrued to appellees under the policy, in that it was filed 28 days after the fire and 1 day after proof of loss was furnished, whereas the policy provided that no cause of action should accrue until 60 days after the proof of loss had been furnished.

We think these assignments are without merit, and overrule them both. While it is true that the policy sued upon, which was attached to the petition, contained the provision that no suit should be brought thereon until 60 days after proof of the loss was furnished, and that it was in fact filed on the 28th day after the fire and only 1 day after furnishing of the proofs of loss, yet it further appears from the record that more than 10 months elapsed between the time of the fire and the trial of the case, and that about 9 months after the original filing of the suit appellees filed a supplemental petition, in which they attempted to plead a waiver by appellant of the 60 days requirement; appellant admitted that proofs of loss were furnished to it 1 day before the suit was filed, and the trial court adjudged the costs incurred in the case from the time the suit was filed until the filing of the supplemental petition against appellees. Irrespective of the technical question of whether appellees, by this belated supplemental petition, could plead a waiver of the 60 days' time, after alleging in their original petition that they had fully complied with the terms of the policy which included that requirement, the supplemental petition may be disregarded altogether and still no possible injury to appellant is shown.

Since it admitted actual receipt of the proofs of loss before the suit was filed, and made no objection thereto, the only harmful effect it could have suffered from the premature filing of the suit was in the matter of costs, and, as stated, the court averted that by adjudging these against appellees. Crescent Ins. Co. v. Camp et al., 64 Tex. 526; Hanover Ins. Co. v. Shrader, 11 Tex. Civ. App. 255, 31 S. W. 1103, 32 S. W. 344; Queen Ins. Co. v. May, 35 S. W. 832.

[2] Under the third assignment it is claimed the court committed reversible error in refusing to submit to the jury appellant's requested special issue as to whether it or any of its authorized agents waived the proof of loss, as required by the policy to be made by the insured; but elsewhere in its brief, as above stated, appellant repeatedly admits that proof of the loss was furnished it by appellees before the suit was brought, and, in fact, bases its fourth assignment of error upon certain questions as to the contents of and the affidavit attached to the proof of loss as so delivered to it. There is no complaint here that the proof as furnished was defective. In these circumstances, we cannot see how the failure to submit the question of whether it had waived what it expressly admits it received could have materially affected its rights. The assignment is therefore overruled.

Contention is made through the fourth assignment that the court erred in confining the fact issues to the two submitted, and should have submitted appellant's requested issue as to whether or not the proofs of loss, inventory, and affidavit attached, as furnished by appellees, contained false statements concerning the value of the property insured and the extent of the loss; but, after a careful review of the evidence, we conclude that it did not require the submission of the question thus presented, and that the charge as given fairly covered the matters properly in issue touching the value of the property and the amount of the loss thereon. The assignment is overruled.

[3] In the final assignment it is contended that the jury's finding of some lower amounts as the value of the property before the fire and the extent of the loss thereon than those given by appellees in their proofs of loss established their fraud and false swearing in respect thereto, and that, as a matter of law consequent thereupon, the court should have declared the entire policy sued upon void and entered judgment for appellant.

[4] We do not think this position tenable. In the state of the evidence, no such effect, we think, may legitimately be given the jury's findings. Indeed, as already indicated in disposing of the preceding assignment, there was no sufficient evidence to make this suggestion of fraudulent misrepresentation a proper issue for the jury. It is true that the witnesses differed in their estimates as to the worth of the furniture and the amount of damage suffered, and that the appellees had put both at some higher figures than those found by the jury, but this did not even tend to establish as a fact that they had fraudulently done so, since as a matter of common knowledge the valuation of household furniture and ladies' wearing apparel is, to a large extent, a matter of opinion. German Ins. Co. v. Jansen, 18 Tex. Civ. App. 190–192, 45 S. W. 220, affirmed in 93 Tex. 729, no opinion; Pelican Ins. Co. v. Schwartz (Sup.) 19 S. W. 374; Phœnix Ins. Co. v. Shearman, 17 Tex. Civ. App. 456, 43 S. W. 930.

Finding no reversible error in the record, the judgment is affirmed.

## On Motion for Rehearing.

[5] By motion for rehearing it is insisted that this court's former judgment affirming the judgment below in this cause was error, and that the first and second assignments of error presented in appellant's brief should have been sustained. But we think these assignments were properly overruled, and for this additional reason: As stated in the original opinion, the complaint thereby made was against the trial court's action in not sustaining a special exception to appellees' petition and in refusing a requested peremptory instruction to find in favor of the insurance company, upon the alleged ground that it appeared from the face of the petition that the terms of the policy sued upon had not been complied with, in that suit thereon had been brought sooner than 60 days after the furnishing of proofs of loss, contrary to its express provisions. A complete answer to this contention is that the petition did not so show; upon the contrary, after declaring upon the policy, alleging the loss by fire, and attaching an inventory of the destroyed property, the pleading continued:

"Plaintiff further alleges that in due time after said fire occurred she furnished defendant proof of her said loss by said fire and demanded payment of said sum of $1,500 due her by and under the terms and conditions of said policy, and that the defendant has wholly failed to pay the same or any other amount, to her total damage in the sum of $1,500."

Nor was there elsewhere in the face of the petition any indication whatever that it was prematurely filed. It was therefore good as against the special exception leveled at it. If appellant had sought dismissal through plea in abatement properly raising the issue of premature bringing of the suit, a different situation would have been presented.

The motion for rehearing is accordingly overruled.