ISIDRO BENÍTEZ, Plaintiff and Appellant, v. JUAN BENÍTEZ-GÓMEZ, administrator of the estate of JULIO CAYERE, Defendant and Appellee.

No. 3330. Argued December 5, 1924.—Decided April 30, 1925.

1. DEBT—JUDGMENT—DEFECTS—COLLATERAL ATTACK.—Defects that are not jurisdictional can not be attacked collaterally.
2. ID.—MORTGAGE—FORECLOSURE—DEMAND ON DEBTOR—DEFAULT.—In order to bring an ordinary action for the foreclosure of a mortgage in which it was agreed that on failure to pay certain instalments of the interest the debt would be considered as matured, no demand on the debtor is necessary in order to consider him in default.
3. ID.—PREMATURE ACTION—PLEADING—JUDGMENT.—Objection that an action was brought prematurely, in order to be available on appeal, must be raised by a plea in abatement or demurrer, according as the fact may or may not appear from the face of the complaint, and a judgment rendered without the interposition of one or the other is not void.
4. ID.—ATTACHMENT—JURISDICTION.—On June 30, 1921, an action was brought in the District Court of San Juan, Section 1. On July 1, 1921, before the case was transferred in accordance with Act No. 41 of June 30, 1921, the court granted an attachment to secure the effectiveness of the judgment. Held: That as jurisdiction was vested in the newly created First District Court until the case was transferred, the attachment was valid notwithstanding the fact that it was granted without bond.
5. ID.—JUDICIAL SALE—TERRITORIAL JURISDICTION.—The sale of a property by a marshal is void if the property is situated outside of the territorial jurisdiction of his district.
6. ID.—DAMAGES—JUDGMENT ON PLEADINGS.—When judgment in an action for damage is rendered on a demurrer, without evidence, the Supreme Court is without power to consider the question of damages.

Second District Court of San Juan, M. Rodríguez Serra, J. Judgment for the defendant in an action of debt. *Reversed and remanded.*

*Campillo & Campillo* for the appellant. *Juan B. Soto* for the appellee.

MR. JUSTICE WOLF delivered the opinion of the court.

A creditor having in his favor a mortgage nevertheless

elected to file an ordinary suit to recover his debt. The said creditor obtained an attachment before judgment, a judgment by default, executed on the property covered by the mortgage and bought in the property himself at the execution sale. We have before us a suit to annul all or some of the foregoing proceedings.

[1] The District Court of San Juan, Second Section, sustained a demurrer to the complaint on the ground that the judgment of another court of equal jurisdiction could not be attacked in this form. That non-jurisdictional defects cannot be collaterally attacked is the doctrine of *Solá* v. *Castro et al.,* 32 P.R.R. 740, and the case of *Blood* v. *Light,* 38 Cal. 654, which doctrine we have affirmed and considered afresh in *González et al.* v. *Anglada et al.,* 33 P. R.R. 980. We shall consider some of the various grounds of attack.

[2, 3] *A.* Under this subdivision so marked defendant alleged that the debt was not due, but this is a matter that should have been alleged in the suit where the default was noted.

The mortgage provided that if certain instalments of interest were not paid, the creditor should have a right to declare the whole mortgage debt due. The former complaint contained a statement that the creditor so declared the debt due. The appellant maintains that, under the Civil Code, before the debtor could be considered in default of payment a demand should be made upon him. The majority of this court holds that under the agreement contained in the mortgage no such demand is necessary. In any event the original contract stipulated that the creditor might declare the debt to be due. The original complaint contained the statement that the creditor had made such a declaration. This statement, — somewhat dubiously, it is true—might be interpreted to mean that the creditor had taken all necessary steps to make the debt due, including a demand on the debtor. We feel bound to hold, until con-

vinced to the contrary, that it did not satisfactorily appear on the face of the original complaint that the action was prematurely brought and that such an objection cannot now be raised. Cases that tend to these conclusions are *Royal Insurance Co.* v. *Henderson,* 201 S. W. 426, 428; *Shaefer* v. *Hines,* 102 N. E. 839, 840; *Simmons* v. *Meyers,* 112 N. E. 31, 32; *Cooper* v. *Ricketson,* 80 S.E. 217, where the Georgia Court, the facts being somewhat similar, held, that the objection that a suit was prematurely filed must be raised by demurrer or plea in abatement and that a judgment rendered without the interposition of one or the other was not void. As in the present case, the question was there only raised when execution was issued.

[4] *B.* On July 1, 1921, a new law went into effect whereby the former district courts of San Juan were abolished and two new courts established with independent jurisdiction. The transitory provision of the Act (No. 41 of June 30, 1921) abolishing said former district courts was as follows:

"Section 5.—*Transitory Provision.*—Matters pending in either of the sections of the district court as at present organized, when this Act takes effect, shall be decided by the judge now having cognizance thereof, provided they have reached the stage where evidence is introduced or are awaiting decision. In any other case they shall be transferred from the section where they now are to the corresponding court hereby created, on motion of a party or of the judge himself." Acts of 1921, page 286.

The former suit was filed in the district court of San Juan, First Section, old law, on June 30th, and on July 1st the complainant obtained an attachment in the First Section, new law. The appellant maintains that the transitory provision, *supra,* was imperative and that the said first section, new law, lost jurisdiction and had no right to issue said attachment. If the complainant on July 1st had asked the Second Section, new law, for an attachment, it would have been refused because no suit was pending before said

court.   The case would still have been lodged in the District Court, First Section.   Before transfer, was the court where the case was pending entirely without power to take any action like an attachment?   Easily some question, legal or of fact, might arise whether the first or second section was the real court to go on with the suit.   Until the court acted by transferring, there must have been something pending in the court where the complaint was in fact lodged. If something is to be transferred that something must exist.   The transitory provision presupposes that something is pending that needs the action of the court to be transferred.   Therefore, section 82 of the Code of Civil Procedure is applicable as follows:

"Sec. 82.—If the district in which the action is commenced is not the proper district for the trial thereof, the action may, notwithstanding, be tried therein, unless the defendant, at the time he appears and answers or demurs, files an affidavit of merits, and demands, in writing, that the trial be had in the proper district."

Appellant maintains that this section only applies to a court which continues to exist and cannot have reference to a court that is abolished; that if a suit had been filed in the First Section, new law, July 1st, that section would have acquired the right to go on until a change of venue was obtained, but that a different rule was applicable to a suit filed on June 30th in the said abolished court.   The transitory provision and the whole Act, however, show that all cases pending in the District Court of San Juan, First Section, old law, were vested bodily in the District Court of San Juan, First Section, new law, until transferred. Cases that had progressed to a certain stage of proof or decision were not to be transferred at all, even though properly belonging to the other court.

As the suit in question was filed in the old First Section and by operation of law transferred to the new First Section, the venue of the action was placed in the new First

Section until transferred. Hence the defendant in the suit submitted by allowing a judgment. to go against him by default. Subdivision 2 of section 77 of the Code of Civil Procedure. This is the reasoning of our decision in *Quiñones* v. *Ozores*, 31 P.R.R. 178. We should not overlook, besides, that the summons, although issued on June 30th, was not delivered to the marshal until July 28th and was served by him ostensibly as the officer of the new First Section. Hence possibly, if not certainly, jurisdiction was originally acquired only by the new First Section, supposing the defendant to have been duly summoned.

*C.* The fact that the debt was not due has been discussed. That the attachment was issued without a bond was an irregularity that did not make the sale void so as to subject it to collateral attack. *Solá* v. *Castro, supra; González* v. *Anglada, supra.*

Under subdivisions *F* and *G* the appellant maintained . that the secretary of the District Court, First District, did not have jurisdiction to enter a judgment by default; that he had such power follows from our previous considerations.

[5] *D.* Under this subdivision the appellant maintains that the marshal of the District Court of San Juan, First Section, did not have a right to attach property which was located in Río Grande or Río Piedras belonging to the jurisdiction of the District Court of San Juan, Second Section, new law.

Subdivision *E* maintains a similar proposition when it says that the marshal had no right to issue orders to the registries of property. As we can take judicial notice that the registries of property are located in the capital and that both district courts and both marshals are also located here, perhaps the mere attachment consisting of notice to a registry may be supported. We should so hold until strongly convinced to the contrary.

As the return of the marshal shows that the defendant was summoned in San Juan, the fact that he lived in Río Piedras could not deprive the District Court of San Juan, First Section, new law, of jurisdiction, although the case might be properly transferred on due motion.

Under *J* and *L* the appellant maintains that the marshal of the First Section had no authority to sell property located in Río Grande. In *Solá* v. *Castro, supra,* we revised the jurisprudence of this court and we decided clearly, as in other cases, that a marshal has no authority or power to sell property outside of the geographical limits of his own district. Of course, in *Solá* v. *Castro* the decision was that the marshal, although selling in his own district, was not duly authorized to sell, as his authority came, not from a district court, but from another marshal; but the review of authorities in that case covers the question here raised. The property was sold in Río Grande by the marshal of the first district who had no authority to make such a sale in Río Grande. This being so, it is unnecessary to consider some of the errors alleged by the appellant in connection with or after said sale.

The upshot of these considerations is that the judgment and the attachment of the property will be considered good, but that the sale thereunder was absolutely null and void and its nullity could be effected by a direct or a collateral attack.

[6] The appellant also claimed damages, but as this case was decided on demurrer without proof, we are without authority to attempt to determine the said damages, which must be found by the district court after hearing the proof.

The judgment of the district court must be reversed and the case remanded for further proceedings not inconsistent with this opinion.