## WEST et al. v. UNITED STATES FIDELITY & GUARANTY CO.   (No. 2878.)

Court of Civil Appeals of Texas. Amarillo. Oct. 12, 1927.

1. **Garnishment** ⬁25—**Homestead** ⬁74— Proceeds of crops raised on homestead held subject to garnishment, levied while crops were ungathered.

Where rental contract gave landlord no interest in crops, but only a definite portion of proceeds after sale, *held*, that writ of garnishment, served on tenant while crops were ungathered, was valid and rendered subsequent proceeds of crops subject to writ, and fact that crop was raised on homestead did not exempt proceeds from garnishment.

2. **Chattel mortgages** ⬁17, 138(1)—Mortgage by landlord of portion of proceeds from sale of crops due as rental, in advance of planting of crop, held valid and prior to subsequent garnishment of crops.

Where rental contract gave landlord portion of proceeds of sale of crops, landlord could mortgage such interest in advance of planting of crop, and such mortgage was entitled to priority, as against subsequent garnishment of crops.

Appeal from District Court, Hall County; C. C. Small, Judge.

Garnishment by the United States Fidelity & Guaranty Company against S. I. Martin, wherein S. T. West and W. H. Neeley intervened. Judgment for plaintiff, and interveners separately appeal. Affirmed as to intervener West, and reversed and rendered for intervener Neeley.

Elliott & Moss, of Memphis, for appellants.

Sam J. Hamilton and John M. Deaver, both of Memphis, for appellee.

RANDOLPH, J. Appellee having obtained a judgment against S. T. West, in the district court of Hall county, for the sum of $1,460.25, and interest, thereafter had a writ of garnishment duly issued and served on S. I. Martin, a tenant of appellant West, on his farm, which farm had been judicially ascertained to be the homestead of appellant West. The issuance and service of the writ of garnishment occurred prior to the maturity of the crops raised by said tenant on such homestead and while they were yet growing in the field. Prior to the service of the writ of garnishment, the defendant West, being indebted to one W. H. Neeley in the sum of $2,702.86, executed a mortgage to said Neeley on all rents accumulated or to accumulate on the premises occupied by said Martin as West's tenant, and such mortgage had been duly registered, giving the plaintiffs constructive notice of the same at the time such writ was served.

The tenant, Martin, had leased the land from West by a contract, which provided that Martin was to gather the crop and sell it and pay over to West one-fourth of the proceeds of all cotton raised on the land. Martin gathered the crop and sold it and thereafter filed his final answer in the garnishment proceedings, in which he alleged that he was indebted to West in the amount of $1,548.53, "which was rent deposited since the garnishment was served upon him," and, further, that he was not indebted to West in any amount whatever at the time of service of the writ of garnishment, except on rent of crops then ungathered.

West intervened in the garnishment proceedings, pleading the homestead status of the land upon which the crop was raised, and further pleading that at the time of the service of the writ of garnishment said cotton was still in the field ungathered, and also pleading certain damages alleged to have been suffered by him. W. H. Neeley also intervened, setting up his mortgage.

On trial, all matters of fact, as well as of law, were submitted to the court, and that court rendered judgment in favor of the plaintiffs. West and Neeley, by separate appeals, have brought the case to this court for review, but have submitted both appeals together.

[1] The decision of the West appeal revolves around and is controlled by the question whether or not the service of the writ of garnishment, at a time when the crops were ungathered in the field, and when they were yet attached to the soil, voided the writ. In other words, the writ not only commanded the garnishee to answer "what, if anything, he is indebted to the said S. T. West, and was when this writ was served on him," but required also that he make such answer under oath at the next term of court, and, such answer having been filed subsequent to the gathering and sale of the crops, is the validity of the impounding of the proceeds to be adjudged as of the time of the service or as of the time of the filing of the answer in the garnishment proceedings?

It will be noted that the landlord's rental contract, gave the landlord no interest in the crops, as crops, but provided that the tenant should sell same and pay him a definite portion of the proceeds after such sale. We agree with appellee's counsel that this provision renders the question of the status of the crop analogous to the condition existing where the crops have been severed from the soil; it having been held that such severed crop is personal property, and subject to levy by execution. Coates v. Caldwell, 71 Tex. 19, 8 S. W. 922, 10 Am. St. Rep. 725; Willis v. Moore, 59 Tex. 628–637, 46 Am. Rep. 284; Silberberg v. Trilling, 82 Tex. 523, 18 S. W. 591.

Where the growing crops are not sought

to be subjected to the writ, and from the evidence it appears that the landlord is entitled only to a part of the cash proceeds, after the crop has been severed from the soil and sold, such proceeds are subject to the writ of garnishment. The fact that the proceeds came from a crop raised on a homestead does not exempt it from garnishment, and such crop is not protected thereby. The exemption protects the homestead from the operation of collection writs and this exemption extends to crops standing ungathered, and not severed from the soil, but, after such severance, the proceeds of such crop are not exempt from levy. Coates v. Caldwell, supra.

The protection afforded to growing crops is provided for the reason that, to permit a levy, it would of necessity require the use and occupation of the homestead by the executioning creditor, and this would, to such extent, subject the homestead to levy. In the case of Hinzie v. Moody, 13 Tex. Civ. App. 193, 35 S. W. 832 (writ denied), it was held that the proceeds of the rent of the business homestead were not exempt, and we can see no reason why this rule should not be applied to the rent proceeds from a rural homestead.

The fact that, in the case at bar, the writ of garnishment was issued and served at a time when the crops were growing, and had not been gathered, does not render this writ and service thereof void, or voidable. The writ commands the garnishee to answer, if he then is indebted to the plaintiff debtor, and what, if any debt, he owes to such party at the time of the filing of his answer. If he did not owe anything at the time of the service of the writ, but did thereafter become indebted before filing his answer, the fact that the writ was served upon him at a time when he was not indebted could not protect the garnishee from a failure to disclose a subsequent indebtedness, and such subsequent indebtedness would not be exempt.

[2] Considering the appellant Neeley's appeal, it appears, from the evidence, and the trial court so found, that the appellant West had no interest in the crop, but was entitled only to a one-fourth interest in the proceeds thereof, and that West had no such interest in it as would enable him to mortgage it to Neeley.

Under authority of many Texas decisions, including Williams v. King (Tex. Civ. App.) 206 S. W. 106, Brod v. Guess (Tex. Civ. App.) 211 S. W. 299, and Curlee v. Rogan (Tex. Civ. App.) 136 S. W. 1126, we thought he was correct in his holding that no such interest in a specific portion of the crop was reserved by the landlord as would enable him to execute a valid mortgage to Neeley; but our Supreme Court has approved an opinion by Judge Speer, of the Commission of Appeals, in the case of Bowyer v. Beardon, 291 S. W. 219, which without expressly overruling those decisions, does, by his holding, in principle, overrule them.

In the last-named case, Judge Speer holds that there is no conflict between the Williams-King and Brod-Guess Cases on the one hand, and Sanger Bros.-Hunsucker (Tex. Civ. App.) 212 S. W. 514, on the other, and says:

"While in Sanger Bros. v. Hunsucker [(Tex. Civ. App.) 212 S. W. 514] the relation of the parties appears to be that of crop sharing, in which the owner, of course, has a fixed interest in a specific part of the crops raised. In such a case, he is as much the owner of his share as the tenant is owner of his share. We know of no reason why either may not execute a chattel mortgage upon his definite interest in such specific property. It is now too late to question the rule in this state that one may execute a chattel mortgage upon definite property, although such property is not, at the time, in existence, but is in contemplation of both parties. So. Tex. Imp., etc., Co. v. Anahuac, etc., Co. (Tex. Com. App.) 280 S. W. 521. The rule has often been applied to unplanted crops, and there is no reason for any distinction between the respective rights of landlord and tenant in such respect. It necessarily follows, if the tenant may mortgage his unplanted crop, the landlord likewise may mortgage a portion of the same crop, which, under the terms of a rental contract, is to become his absolutely.

"But the distinguishing of the cases discussed, on the facts, is of no importance to the present inquiry. As will be apparent from an examination of the authorities, the difficulty in those cases of chattel mortgage upon crops to be planted and the like has not been one of the legality of the subject-matter, but rather one of describing or identifying any property at all. The general rule is that, in the absence of statutory provision to the contrary, any personal property which is capable of being sold may be the subject of a mortgage. The word 'chattel' is of no special significance, when applied to a mortgage of chattels. 'It is a very comprehensive term in our law, and includes every species of property which is not real estate or a free-hold'—a definition borrowed from 2 Kent's Commentary, 340; Gilcrist Transp. Co. v. Phœnix Ins. Co. (C. C. A.) 170 F. 279. * * *

"Now, under the facts certified, whether Thompson was to be paid his rentals in cotton or cash, or partly in cotton and partly in cash, the right to receive such payment in any event is property subject to sale and assignment, and likewise subject to chattel mortgage."

Under the authority of this latest decision of the Supreme Court, we hold that the rentals due West could be mortgaged by him in advance of the planting of the crop, regardless of the form in which the said rental finally became due, and that Neeley's mortgage was a valid and subsisting mortgage upon the proceeds of the crop in the hands of the tenant, S. I. Martin, and that Neeley was entitled to have his said mortgage foreclosed as against all parties, plaintiff and defendants in this cause.

For the reasons last stated, the judgment of the trial court is affirmed as to appellant West, and reversed and here rendered for the appellant W. H. Neeley.