SOUTHLAND COUNTY MUTUAL INSURANCE COMPANY, Appellant,

v.

J. D. DENSON et ux., Appellees.

No. 6785.

Court of Civil Appeals of Texas.

Texarkana.

March 3, 1955.

Rehearing Denied March 24, 1955.

Young, Young & Daggett, Allen J. Daggett, L. R. Scroggins, Houston, Kennedy & Levee, C. M. Kennedy, Texarkana, for appellant.

Herbert Line, Harkness & Friedman, Texarkana, for appellees.

DAVIS, Justice.

Appellant has filed a motion for rehearing following our judgment of dismissal dated February 3, 1955, and in view of the holding of the Court of Civil Appeals at San Antonio in the case of Polis v. Alford, 267 S.W.2d 918, we have decided to grant the motion and reinstate the case; although, there is a distinct difference between this case and the Polis case. In this case, it is clearly shown that the judgment was pronounced and rendered in open court on May 12, 1954, and appellant, then and there, excepted and gave notice of appeal. The judgment was signed on May 17, 1954, and, if in such cases the date of signing governs in perfecting appeals, the transcript was filed here in time.

The appellant's motion for rehearing is granted, the case is reinstated on the docket of this court and the opinion heretofore handed down is withdrawn and the following is rendered in lieu thereof:

Opinion of the Court

In this suit appellees, J. D. Denson and wife, Charlet Denson, plaintiffs below, sued appellant, Southland County Mutual Insurance Company, defendant, for recovery up-

on a fire insurance policy issued by appellant to appellees covering a certain one-story frame building situated in Bowie County, Texas. The policy was in the principal sum of $4,000, and for a period of three years, commencing on March 7, 1951. Appellees alleged that the house was totally destroyed by fire on November 27, 1953.

Appellant filed a general denial and affirmatively pleaded as a defense to the suit a certain provision of the policy which reads as follows:

"Subject to Article 4929, Revised Civil Statutes of Texas, 1925, liability hereunder shall not exceed the actual cash value of the property at the time of loss, ascertained with proper deduction for depreciation; nor shall it exceed the amount it would cost to repair or replace the property with material of like kind and quality within a reasonable time after the loss, without allowance for any increased cost of repair or reconstruction by reason of any ordinance or law regulating construction or repair, and without compensation for loss resulting from interruption of business or manufacture; nor shall it exceed the interest of the insured, or the specific amounts shown under 'Amount of Insurance.' "

Appellant further pleaded that the actual cash value of the property at the time of the loss did not exceed $2,500.

Trial was to a jury but at the conclusion of the trial, appellees moved the court to withdraw the case from the jury and render judgment for them because there was no genuine issue of fact for a jury to decide. The motion was granted and appellant brings forward ten points of error. They are grouped in two groups, 1 and 2, and 3 through 10, and they will be disposed of accordingly.

By points 1 and 2, appellant complains of the action of the trial court in withdrawing from the jury the issue of total loss of the property insured, and finding from the evidence that there was a total loss.

Appellees offered C. L. Phillips as a witness in their behalf. Phillips was an insurance man who testified that he had had 10 years experience selling insurance; was acquainted with the values of property such as that involved here; was an agent for appellant at the time the policy sued upon was issued; inspected the property before taking the application of appellees for the policy sued upon; appraised the value of the property in excess of $6,000 at the time the policy was issued; and appraised it by a method approved by appellant at the time he took the application for $4,000 on the building in question because the appellant would not issue a policy for more than $5,000. Appellees were buying other policies on other buildings and were not financially able to buy a larger amount on the building in question. Phillips further testified that he had also been adjusting claims for about a year and a half prior to the trial; had inspected the place after the house burned; there was nothing left but ashes, and brick or concrete piers; and that the building was a total loss. J. D. Denson, one of the appellees, also testified that the house was a total loss and there was nothing left except a little burned asbestos siding and the concrete foundation, a part of such foundation having crumbled under the heat and fallen down and a part left standing, but it was cracked; and, that none of the concrete foundation was fit for use in rebuilding a house. Both witnesses testified that the value of the property was in excess of $4,000 at the time it was destroyed by fire.

There was further testimony to the effect that an agent of appellant had also inspected the place at least twice after the fire and took some pictures on one occasion.

The appellant did not offer any testimony as to the value of the remaining concrete foundation. Neither did it allege or attempt to prove fraud or mistake in connection with the application or the issuance of the policy.

The testimony of both witnesses as to the total loss of the property is clear, direct and positive, free from contradictions and inconsistencies, both as to the value of the property being in excess of $4,000 and that it was a total loss. Appellant did not offer any testimony, except by way of cross-examination and then relied solely upon its theory of the cost of the house and attempted to show its value to be less than $4,000 at the time of the fire, but wholly failed to do so. In that state of the record, the trial court did not commit error in withdrawing the case from the jury and rendering the judgment. Fire Ass'n of Philadelphia v. Strayhorn, Tex.Com.App., 211 S.W. 447; Republic Ins. Co. v. Hale, 128 Tex. 616, 99 S.W.2d 909; Century Ins. Co., Ltd. of Edinburgh, Scotland v. Hogan, Tex.Civ. App., 135 S.W.2d 224; Westchester Fire Ins. Co. of N. Y. v. Cannon, Tex.Civ.App., 79 S.W.2d 920; Texas State Mutual Fire Ins. Co. v. Farmer, Tex.Civ.App., 83 S.W. 2d 411; Clark v. National Life & Accident Co., 145 Tex. 575, 200 S.W.2d 820.

On the question of total loss, see Lincoln County Mutual Fire Ins. Co. v. Smith, Tex.Civ.App., 232 S.W.2d 637, error refused.

Points 1 and 2 are overruled.

By points 3 through 10, appellant complains of the action of the trial court in refusing appellant the right to cross-examine appellees about the reasonable cash value of the property, and, among other things, in holding that appellees' damage was a liquidated demand, and withdrawing from the jury the issue as to the reasonable value of the property at the time of loss.

What we have already said about the evidence disposes of the question of withdrawing the issue from the jury.

As hereinabove pointed out, the policy was issued subject to the provisions of Article 4929 which reads as follows:

"A fire insurance policy, in case of a total loss by fire of property insured, shall be held and considered to be a liquidated demand against the company for the full amount of such policy. The provisions of this article shall not apply to personal property."

The Article as amended, now Article 6.13 of the Insurance Code, V.A.T.S., now reads as follows:

"A fire insurance policy, in case of a total loss by fire of property insured, shall be held and considered to be a liquidated demand against the company for the full amount of such policy. The provisions of this article shall not apply to personal property.

"On and after January 1, 1951, the provisions of the preceding paragraph of this article shall be incorporated verbatim in each and every fire insurance policy hereafter issued as coverage on any real property in this State; and it shall be the duty of the Board of Insurance Commissioners, by proper order and procedure, to compel compliance with this statute." The policy contained those provisions.

Appellees contend that the above quotations are applicable to their case and that they are entitled to recover on the basis of a total loss and their claim is a liquidated demand.

Appellant contends that the appellees were limited to the actual value of the property by virtue of Article 4860a–20, sec. 6, R.C.S., now Article 17.06, Texas Insurance Code, which provides, in part, as follows: "* * * provided also that County Mutual Companies *may* by their by-laws provide that the requirements of Article 4929, Revised Civil Statutes 1925, shall not be applicable to their contracts of insurance." (Italics ours.) Article 17.23 of the Insurance Code, pertaining to county mutual insurance companies, provides: "By-laws of the company shall always constitute a part of the contract with the insured and the policy shall so state."

■ Appellant did not plead or prove that it had provided by its by-laws that the requirements of Article 4929, now Article 6.13, Insurance Code, did not apply to the policy sued upon as it was authorized to do under Article 4860a–20, sec. 6, R.C.S., now Article 17.06, Insurance Code. Apparently it had not so provided or it would not have issued the policy subject to Article 4929. Having issued the policy subject to Article 4929, it is bound thereby.

■ Contracts of insurance must be construed in the light most favorable to the insured. · Continental Casualty Co. v. Warren, 152 Tex. 164, 254 S.W.2d 762; Providence Washington Ins. Co. v. Proffitt, 150 Tex. 207, 239 S.W.2d 379.

The testimony of both witnesses (one disinterested), that the property was a total loss within the meaning of Article 4929, and no evidence being offered by appellant that the remains had any value, we hold that the trial court was correct in his action in regard to the total loss, and in preventing one of appellees to be cross-examined as to the value. Superior Fire Ins. Co. of Pittsburg, Pa. v. Roberts, Tex.Civ.App., 84 S.W.2d 810; German Ins. Co. v. Jansen, 18 Tex.Civ.App. 190, 45 S.W. 220. Points 3 through 10 are overruled.

The trial court failed to fix the date for the commencement of interest in its judgment. The policy provides that the amount of loss shall be payable by the company 60 days after receipt of proof of loss. Appellant acknowledges receipt of proof of loss by February 26, 1954. Therefore, interest should begin April 27, 1954, and the judgment of the trial court is reformed to so provide.

Finding no error in the record, the judgment of the trial court, as reformed, is affirmed.

Reformed and affirmed.